505 So.2d 1045 (1987)
GENERAL FINANCE CORPORATION
v.
Patricia J. SMITH.
85-852.
Supreme Court of Alabama.
March 20, 1987.
*1046 James M. Ivins of Cornett & Ivins, Phenix City, for appellant.
Sidney Gene Landreau of Faulk & Landreau, Phenix City, for appellee.
PER CURIAM.
The defendant, General Finance Corporation, appeals from a judgment entered on a $20,000 jury verdict in favor of the plaintiff, Patricia J. Smith. We affirm.
The plaintiff purchased a pickup truck from Williams Motor Company in Phenix City, Alabama, and financed a portion of the purchase price through the defendant. Approximately four and a half months later the defendant repossessed the truck. Shortly thereafter, the plaintiff filed this action, seeking damages for fraud, conversion, and wrongful repossession.
The case was submitted to the jury on conflicting evidence. For purposes of our discussion, we find it unnecessary to state the tendencies of the evidence in detail. Suffice it to say that while the defendant's evidence was to the contrary, the plaintiff's evidence tended to show that she was not in default on her monthly payments at the time of the repossession and that a breach *1047 of the peace occurred during the repossession.
The defendant maintains that the judgment must be reversed and the case remanded for a new trial on the following grounds:
1) The trial court erred in submitting the plaintiff's wrongful repossession claim to the jury.
2) The trial court erred in refusing to instruct the jury that an employer is not liable for the tortious acts committed by an independent contractor.
3) The trial court erred in refusing to join George and Howard Burgchardt, individually and d/b/a H & B Recoveries (hereinafter "H & B Recoveries"), as defendants. (H & B Recoveries was hired to repossess the truck.)
4) The trial court erred in refusing to grant a mistrial.
5) The trial court erred in refusing to grant a new trial on the basis of an excessive verdict.
For the following reasons, we disagree.
The plaintiff's wrongful repossession claim is premised on the defendant's liability for the tortious acts committed by H & B Recoveries during the repossession. There was evidence from which the jury could have readily found that H & B Recoveries breached the peace while repossessing the truck and that the breach resulted in damage to the plaintiff under general theories of trespass and/or conversion.
However, the defendant contends that the undisputed evidence showed that H & B Recoveries was acting as an independent contractor when it repossessed the truck and not as its agent. Consequently, it argues that the trial court erred in denying its motion for summary judgment and its motion for a directed verdict at the close of the plaintiff's case in chief. In the alternative, the defendant argues that if the evidence was in dispute regarding the status of H & B Recoveries as either an agent or an independent contractor, then its written requested instructions stating that an employer is not liable for the tortious acts committed by an independent contractor should have been given to the jury.
Relying on the general rule that an employer is not ordinarily liable for the tortious acts committed by an independent contractor, the defendant insists that it is not liable in this case for the wrongful manner in which the plaintiff's truck was repossessed.
The general rule urged by the defendant is well settled. 41 Am.Jur.2d Independent Contractors § 24 (1968); Restatement (Second) of Torts § 409 (1965). But this general rule has important exceptions. One is that an employer is responsible for the manner of the performance of certain non-delegable duties, though done by an independent contractor. An employer who by contract or law owes a specific duty to another cannot escape liability for a tortious performance by reason of the employment of an independent contractor. Alabama Power Co. v. Pierre, 236 Ala. 521, 183 So. 665 (1938); State Farm Mut. Auto. Ins. Co. v. Dodd, 276 Ala. 410, 162 So.2d 621 (1964); Robertson v. City of Tuscaloosa, 413 So.2d 1064 (Ala.1982); 41 Am. Jur.2d Independent Contractors § 38 (1968).
The plaintiff contends that § 7-9-503, Code 1975, granted to the defendant the privilege of proceeding without judicial process in gaining possession of the truck only if that could be done without a breach of the peace. She argues that while the defendant could contract for H & B Recoveries to physically recover the truck, it could not delegate to H & B Recoveries the liability resulting from a breach of the peace. We agree.
Section 7-9-503, supra, states that "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action." (Emphasis added.) This section, which was incorporated into the security agreement executed by the plaintiff, goes farther than merely conferring upon a secured party the power to engage in self-help. See Robertson v. City of Tuscaloosa, *1048 supra. It allows the secured party to proceed without judicial process only if that can be done peacefully (i.e., without risk of injury to the secured party, the debtor, or any innocent bystanders). See also Restatement (Second) of Torts § 424 (1965) ("One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of others is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions") and § 427 ("One who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the land of another... is subject to liability for harm resulting to others from such trespass").
The legislature, in enacting § 7-9-503, supra, did not attempt to set out with specificity the safeguards or precautions which a secured party must take in order to effect a peaceful repossession. By implication, however, a secured party is under a duty to take those precautions which are necessary at the time to avoid a breach of the peace. It is axiomatic that this duty is based on sound public policy.
Assuming, without deciding, that the status of H & B Recoveries as an independent contractor was undisputed by the evidence, the defendant could not delegate to H & B Recoveries its liability for the wrongful manner in which the repossession was accomplished. The defendant is in the business of financing automobiles and trucks. The plaintiff had no knowledge of, nor was she interested in, the arrangement made by the defendant with H & B Recoveries. However, she did have a reasonable expectation that the truck would not be repossessed in violation of her security agreement. Therefore, the trial court did not err in submitting the plaintiff's wrongful repossession claim to the jury. Neither did it err in refusing the defendant's written requested jury instructions.
The trial court did not err in denying the defendant's motion to have H & B Recoveries joined as a party defendant under Rule 19, Ala.R.Civ.P. The defendant's argument that the presence of H & B Recoveries was indispensable to the action is foreclosed by paragraph (a) of that rule. H & B Recoveries claimed no interest in the action and, as previously stated, the defendant could not escape liability by hiring H & B Recoveries to repossess the truck. If the defendant felt that it had a valid claim against H & B Recoveries for all or part of the plaintiff's claim against it, it should have filed a third-party complaint against H & B Recoveries under Rule 14, Ala.R.Civ.P.
The defendant's contention that the trial court erred in refusing to grant its motion for a mistrial must also fail. The defendant argues that it was entitled to a mistrial because the plaintiff's counsel made an improper reference to the wealth of the parties during his closing argument to the jury. The record shows the following exchange during closing argument:
"[Plaintiff's counsel]: ... Your verdict has got to be a big enough verdict so that it will be heard in Illinois at the corporate headquarters, so that these folks like the Mike Houses of the world won't be laughing at you. They're laughing at you. They're laughing at me, a little ol' lawyer from Phenix City. You have a rare opportunity to make sure that they don't laugh at you any more. We have sued in this case for $500,000.00, five counts. I have absolutely no reservation about asking you to return a verdict in the amount of $500,000.00 because in my opinion, when you're dealing with a company this big, nationwide, it's going to take something like that to keep them from doing what they did to this young lady.
[Defense counsel]: Judge, we object and move for a mistrial.
"THE COURT: Objection is sustained. As far as a mistrial, the motion is denied.
"[Defense counsel]: I ask you to instruct the jury to disregard it.
"THE COURT: The jury will disregard the last argument made by the plaintiff's counsel."
*1049 The trial court is vested with a wide discretion in determining whether incidents which occur during the course of a trial affect the right of either party to a fair trial, and its decision may not be reversed unless it clearly appears that its discretion has been abused. Bucyrus-Erie Co. v. Von Haden, 416 So.2d 699 (Ala. 1982).
Although the indirect interjection of wealth into a trial as a fact to be considered by the jury is generally considered improper, we have held that the resulting prejudicial effect is not per se ineradicable. Hill v. Sherwood, 488 So.2d 1357 (Ala. 1986). There is no hard and fast rule as to when a remark made by counsel during closing argument is deemed to be so grossly improper and highly prejudicial as to be ineradicable from the minds of the jurors notwithstanding a timely admonition from the trial court. Each case must be decided in light of the peculiar facts and circumstances involved, and the atmosphere created, in the trial of each particular case. The trial court is obviously in the best position to make that determination. Bucyrus-Erie Co. v. Von Haden, supra.
In the present case, the trial court recognized the impropriety of counsel's remark, sustained the objection to it, and admonished the jury accordingly. It is clear that the trial court did not consider the remark's effect on the jury to be so prejudicial as to be beyond cure. The record does not, in our judgment, justify a holding that the trial court abused its discretion in refusing to grant a mistrial.
Finally, the defendant contends the verdict is excessive. Our review of the evidence in this case indicates that the jury's verdict was not the result of bias, passion, prejudice, corruption, or any other improper motive.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., and HOUSTON, J., concur specially.
TORBERT, Chief Justice (concurring specially).
I agree that the defendant creditor is liable for the wrongful acts of the independent contractor in repossessing in a non-peaceful manner because a creditor has a non-delegable duty to repossess the collateral in a peaceful manner. However, I believe a creditor is liable only for compensatory damages that result from an independent contractor's non-peaceful repossession unless the plaintiff can prove that the creditor authorized, participated in, or ratified the independent contractor's acts. Henderson v. Security National Bank, 72 Cal.App.3d 764, 140 Cal.Rptr. 388 (Dist.Ct. App.1977).
Punitive damages are justified when a conversion is committed in known violation of the law and plaintiff's rights. Roberson v. Ammons, 477 So.2d 957 (Ala.1985). Without proof that a creditor knew that an independent contractor was going to breach the peace in repossessing the collateral or ratification of the independent contractor's conduct, punitive damages should not be recoverable.
In this case, the trial court charged the jury that punitive damages were recoverable based upon the independent contractor's breach of the peace. On appeal the creditor argues that it was not liable at all for the acts of the independent contractor and does not specifically challenge the propriety of awarding punitive damages. In light of the fact that the defendant did not preserve and present the issue for appellate review, we can not reach this question. White v. Law, 454 So.2d 515 (Ala.1984). Therefore, I agree that the judgment is due to be affirmed.
HOUSTON, J., concurs.