Kim A. NICHOLS, et al., Appellants,

v.

METROPOLITAN BANK, R.J. Control Service, et al., William Clayton Nelson, Respondents.

No. C6–88–1879.

Court of Appeals of Minnesota.

Feb. 21, 1989.

Review Denied April 19, 1989.

Richard J. Harden, Lovett & Associates, Ltd., Minneapolis, for appellants.

Barry G. Vermeer, R. Stephen Tillitt, Gislason, Dosland, Hunter & Malecki, Minnetonka, David J. VanHouse, Bloomington, Robert C. Halvorsen, St. Paul, John W. Zweber, Roseville, for respondents.

Heard, considered and decided by NORTON, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a summary judgment. The district court concluded the respondent bank is not liable for damages allegedly caused by a repossession company whose workers repossessed the appellants' automobile. We reverse.

## FACTS

Appellant Gary Nichols obtained a loan from respondent Metropolitan Bank (the Bank) to purchase an automobile which he gave to his daughter, appellant Kim Nichols, as a gift. When Gary Nichols defaulted on the car loan, the Bank orally contracted with R.J. Control Service, a collection and repossession company, to repossess the automobile.

Two individuals named Nelson and Vedder who worked for R.J. Control Service

approached Kim Nichols as she drove the car into her driveway and demanded she surrender the car. When Nichols refused to relinquish the vehicle, Nelson allegedly reached through the open car window, took hold of Nichols' hand as she held the keys in the ignition, turned off the car and took the keys from Nichols. Nelson and Vedders later drove the car away. Personal property in the car was returned three days later.

Gary and Kim Nichols filed complaints against the Bank, R.J. Control Service, and Nelson and Vedder asserting they were entitled to damages under several theories: assault and battery for injuries to Kim Nichols' hand and wrist, conversion of the personal property and automobile, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Bank moved for summary judgment asserting it was not liable for the damages because R.J. Control Service was an independent contractor and because Nelson and Vedder worked for R.J. Control Service.

The district court concluded R.J. Control Service was an independent contractor and that any unlawful conduct by Nelson and Vedder "was outside the scope of the independent contractor relationship * * * between Metropolitan Bank and R.J. Control Service." The court also concluded automobile repossession is not an inherently dangerous activity and does not involve a nondelegable duty. According to the court, assault was not a contemplated risk inherent in automobile repossession. The court concluded that the Bank "did not have authority to control R.J. Control Service's method of repossession" and that the Bank did not furnish any materials or tools to help accomplish the repossession or control the premises where the repossession occurred.

The district court granted the Bank's motion for summary judgment. The Nichols assert there are material issues of fact with respect to agency and liability.

## ISSUES

1. Did the district court err by concluding the repossession company is an independent contractor?

2. Did the district court err by concluding automobile repossession is not an inherently dangerous activity and does not involve a nondelegable duty?

## ANALYSIS

On appeal from a summary judgment, this court only determines whether there are any genuine issues of material fact and whether the district court erroneously applied the law. *See Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979); Minn.R.Civ.P. 56.03.

### 1. Independent Contractor Status

The Nichols contend the oral contract to repossess the Nichols car established an employer-employee relationship between R.J. Control Service and the Bank and claim the Bank consequently is liable for damages which allegedly occurred during the course of the repossession.

"An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking."

*Westby v. Itasca County*, 290 N.W.2d 437, 438 (Minn.1980) (quoting *Restatement (Second) of Agency* § 2 (1958)).

The existence of an employment relationship is determined by a number of factors. The most important factor is the right of the employer "to control the means and manner of performance." *See Guhlke v. Roberts Truck Lines*, 268 Minn. 141, 143, 128 N.W.2d 324, 326 (1964). The record clearly shows the Bank did not have the right to control the means and manner of performance under the terms of its contract with R.J. Control Service.

The actual method by which the car was repossessed was within the discretion of R.J. Control Service and its workers, and the specific time and place of repossession was determined by R.J. Control Service. *Cf. Hammes v. Suk*, 291 Minn. 233, 235, 190 N.W.2d 478, 481 (1971) (an independent

contractor "contracts to do a piece of work according to his own methods and is subject to his employer's control only as to the end product or final result of his work"). The record shows R.J. Control Service was paid by the Bank only when it actually repossessed a car and was not paid on a regular or continuing basis. *Cf. id.* at 236, 190 N.W.2d at 481 (in addition to other factors, "payment by the hour rather than by the job" is indicative of an employee-employer relationship rather than an independent contractor-principal relationship). The record also shows that the Bank did not furnish R.J. Control Service or its workers with material or tools and that the Bank did not control the premises where the repossession occurred. *See Guhlke,* 268 Minn. at 143, 128 N.W.2d at 326. The Bank could not discharge R.J. Control Service as if the company were a bank employee and there is no indication that the Bank had any authority to discharge persons working for R.J. Control Service.

Even when the evidence is viewed in a light most favorable to the Nichols, the record shows R.J. Control Service controlled the "means and manner of performance." *See Guhlke,* 268 Minn. at 143, 128 N.W.2d at 326. Consequently, the district court did not err by concluding R.J. Control Service was an independent contractor.

### 2. Nondelegable Duty

■ A principal generally is not liable for physical harm to another caused by an independent contractor's acts or omissions. *See Conover v. Northern States Power Co.,* 313 N.W.2d 397, 403 (Minn.1981). However, even if R.J. Control Service was an independent contractor, the Bank still may be liable for the Nichols' alleged damages if repossession of the Nichols' automobile by the Bank involved a nondelegable duty or created special risks which were inherent in the contemplated work to be performed by R.J. Control Service. *See Westby v. Itasca County,* 290 N.W.2d 437, 438–39 (Minn.1980). Special relationships or public policy considerations may give rise to nondelegable duties. *See, e.g., Brasch v. Wesolowsky,* 272 Minn. 112, 117, 138 N.W.2d 619, 623 (1965) (contractors owe their contractees a nondelegable duty

to use due care in the performance of their undertakings).

The uniform commercial code defines the relationship between secured parties and debtors by establishing specific rights, remedies and duties with respect to repossession and disposition of collateral upon default. *See* Minn.Stat. §§ 336.9–501–.9–508 (1988). The code requires a secured party to exercise its self-help remedy rights only when repossession can be accomplished "without breach of the peace." *See id.* § 336.9–503. The conditional nature of the secured party's self-help remedies and the language of section 336.9–503 indicate that a secured party must ensure there is no risk of harm to the debtor and others if the secured party chooses to repossess collateral by self-help methods. The · duty to repossess property in a peaceable manner is specifically imposed on a "secured party" by the uniform commercial code and is intended to protect debtors and other persons affected by repossession activities. *See id.* (a "secured party" may repossess by self-help methods "if this can be done without breach of the peace"). Accordingly, a secured party may not delegate to third persons the secured party's duty to repossess in a peaceable manner. *Cf. Restatement (Second) of Torts* § 424 (1965) (a person under a statutory duty to provide specific safeguards or precautions for the safety of another is liable for injuries to the other person caused by a contractor's failure to provide the necessary safeguards or precautions).

The Bank had a right to repossess the Nichols' vehicle "without judicial process" because the Bank was a "secured party" under the uniform commercial code. As a party to a creditor-debtor relationship governed by the commercial code, the Bank was obligated to ensure its efforts to repossess the Nichols' car by self-help methods did not create any risk of harm to its debtor, Gary Nichols. *Cf. Steichen v. First Bank Grand,* 372 N.W.2d 768, 773 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 18, 1985) ("A secured lender must supervise its employees and provide proper policy and instruction on lawful self-help repossession, and not allow its collectors to act with a free hand in attempting

to collect from its customers."). The Bank also was obligated to ensure repossession of the Nichols' car did not create a risk of harm to other persons, including Kim Nichols, who were neither debtors of the Bank nor legal owners of the collateral. *Cf. General Finance Corp. v. Smith,* 505 So. 2d 1045, 1048 (Ala.1987) (the statutory responsibility to repossess collateral without breach of the peace is a nondelegable duty, the violation of which rendered the finance company liable for the debtor's damages).

Our construction of section 336.9–503 is strict, in part because "self-help repossession is a harsh remedy," and in part because "strict application of the law is necessary to prevent abuse and to discourage illegal conduct." *See Steichen,* 372 N.W. 2d at 773; *see also Bloomquist v. First National Bank of Elk River,* 378 N.W.2d 81, 84 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Jan. 31, 1986) (forcible entry into an unoccupied garage by removing a cracked window pane constituted a breach of the peace within the meaning of section 336.9–503).

The district court erroneously concluded the Bank was not liable for the actions of its independent contractor, R.J. Control Service. The Bank's duty to repossess the Nichols' car "without breach of the peace" was a nondelegable duty; the Bank therefore is liable for any damages caused by R.J. Control Service and its workers. The district court erred by granting the Bank's summary judgment motion.

## DECISION

The district court correctly concluded R.J. Control Service was an independent contractor but erred by granting the Bank's summary judgment motion. The Bank's duty to repossess the Nichols' vehicle "without breach of the peace" was a nondelegable duty, the violation of which rendered the Bank liable for the Nichols' alleged damages.

REVERSED.