599 So.2d 1018 (1992)
Denver SAMMONS and Jacqueline Sammons, his wife, Appellants,
v.
BROWARD BANK, a Florida Corporation, Appellee.
No. 89-3071.
District Court of Appeal of Florida, Fourth District.
April 29, 1992.
Rehearing Denied June 23, 1992.
Arthur Joel Levine, Philadelphia, Pa., for appellants.
Deborah C. Poore of Walton, Lantaff, Schroeder, Carson, Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This is an appeal from a final judgment entered against the appellants, Denver and Jacqueline Sammons, on their claim for tortious repossession of their automobile against appellee, Broward Bank. We reverse.

FACTS
Broward Bank financed the purchase of an automobile by the Sammons using the same automobile for collateral. Subsequently, after Sammons was in default on the loan, the bank attempted to repossess the car.
Evidence was presented at trial that on a Sunday morning, while the Sammons were in church, the bank's agents slashed the tires of the car. After church, the Sammons drove away, before noticing the flat tires. The agents, following in another car, then began to play "tag" with the Sammons and kept pursuing them. Eventually, the police interjected and arrested Denver Sammons for aggravated assault and leaving the scene of an accident with injuries, based on claims from the bank's agents that Sammons tried to run over them. The *1019 automobile was impounded by the police and eventually retrieved by Sammons. Sammons was tried and acquitted for aggravated assault. This suit followed his acquittal.
Prior to trial, the court held that because the relationship of appellee and the repossessors was one of employer and independent contractor, that negligent hiring could not be asserted against appellee unless appellants/plaintiffs demonstrated that appellee knew or should have known of the repossessors' alleged violent propensities. The court granted appellee's motion for partial summary judgment on the claim of negligent hiring. The case went to trial on a variety of other theories and an adverse verdict and judgment was rendered against the Sammons. Among other issues, appellants assert that the trial court erred in asking the jury to determine if repossession is an inherently dangerous activity, because section 679.503, Florida Statutes (1985), gives rise to a nondelegable duty on the part of a creditor to repossess only by peaceable means. We find no error by the trial court on the summary judgment issue, but we agree that error was committed at trial.

LAW
Section 679.503 provides:
Secured party's right to take possession after default.  Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under s. 679.504.
(Emphasis supplied). In Northside Motors of Florida, Inc. v. Brinkley, 282 So.2d 617, 624-25 (Fla. 1973), the supreme court considered the implications of this provision and declared:
We emphasize that the creditor may not use self-help techniques which would result in a breach of the peace. Such methods would expose the creditor to tort liability and would also expose him to liability under Florida Statute 679.507, F.S.A.
* * * * * *
In Percifield v. State, supra, [93 Fla. 247, 111 So. 519 (1927)] this Court held that the creditor could repossess property sold under a conditional sales contract without resorting to legal process only if he could do so without committing an unlawful trespass or other breach of the peace. The creditor may not exert wrongful pressure upon the debtor to obtain repossession of the secured items. He has no right to use force and enjoys no immunity. He acts at his peril, and exposes himself to severe potential liability, including liability for punitive damages. Buie v. Barnett First National Bank of Jacksonville, 266 So.2d 657 (Fla. 1972).

THIS CASE
At issue here is whether a creditor can avoid liability by hiring an independent contractor to accomplish the repossession. We conclude not, and in doing so approve and adopt the opinion of the Court of Appeals of Minnesota on this issue. In Nichols v. Metropolitan Bank, 435 N.W.2d 637 (Minn. Ct. App. 1989), the court declared:
A principal generally is not liable for physical harm to another caused by an independent contractor's acts or omissions. See Conover v. Northern States Power Co., 313 N.W.2d 397, 403 (Minn. 1981). However, even if R.J. Control Service was an independent contractor, the Bank still may be liable for the Nichols' alleged damages if repossession of the Nichols' automobile by the Bank involved a nondelegable duty or created special risks which were inherent in the contemplated work to be performed by R.J. Control Service. See Westby v. Itasca *1020 County, 290 N.W.2d 437, 438-39 (Minn. 1980). Special relationships or public policy considerations may give rise to nondelegable duties. See, e.g., Brasch v. Wesolowsky, 272 Minn. 112, 117, 138 N.W.2d 619, 623 (1965) (contractors owe their contractees a nondelegable duty to use due care in the performance of their undertakings).
The uniform commercial code defines the relationship between secured parties and debtors by establishing specific rights, remedies and duties with respect to repossession and disposition of collateral upon default. See Minn. Stat. §§ 336.9-501  9-508 (1988). The code requires a secured party to exercise its self-help remedy rights only when repossession can be accomplished "without breach of the peace." See id. § 336.9-503. The conditional nature of the secured party's self-help remedies and the language of section 336.9-503 indicate that a secured party must ensure there is no risk of harm to the debtor and others if the secured party chooses to repossess collateral by self-help methods. The duty to repossess property in a peaceable manner is specifically imposed on a "secured party" by the uniform commercial code and is intended to protect debtors and other persons affected by repossession activities. See id. (a "secured party" may repossess by self-help methods "if this can be done without breach of the peace"). Accordingly, a secured party may not delegate to third persons the secured party's duty to repossess in a peaceable manner. Cf. Restatement (Second) of Torts § 424 (1965) (a person under a statutory duty to provide specific safeguards or precautions for the safety of another is liable for injuries to the other person caused by a contractor's failure to provide the necessary safeguards or precautions).
The Bank had a right to repossess the Nichols' vehicle "without judicial process" because the bank was a "secured party" under the uniform commercial code. As a party to a creditor-debtor relationship governed by the commercial code, the Bank was obligated to ensure its efforts to repossess the Nichols' car by self-help methods did not create any risk of harm to its debtor, Gary Nichols. Cf. Steichen v. First Bank Grand, 372 N.W.2d 768, 773 (Minn. Ct. App. 1985), pet. for rev. denied (Minn. Oct. 18, 1985) ("A secured lender must supervise its employees and provide proper policy and instruction on lawful self-help repossession, and not allow its collectors to act with a free hand in attempting to collect from its customers."). The Bank also was obligated to ensure repossession of the Nichols' car did not create a risk of harm to other persons, including Kim Nichols, who were neither debtors of the Bank nor legal owners of the collateral. Cf. General Finance Corp. v. Smith, 505 So.2d 1045, 1048 (Ala. 1987) (the statutory responsibility to repossess collateral without breach of the peace is a nondelegable duty, the violation of which rendered the finance company liable for the debtor's damages).
Our construction of section 336.9-503 is strict, in part because "self-help repossession is a harsh remedy," and in part because "strict application of the law is necessary to prevent abuse and to discourage illegal conduct." See Steichen, 372 N.W.2d at 773; see also Bloomquist v. First National Bank of Elk River, 378 N.W.2d 81, 84 (Minn. Ct. App. 1985), pet. for rev. denied (Minn. Jan. 31, 1986) (forcible entry into an unoccupied garage by removing a cracked window pane constituted a breach of the peace within the meaning of section 336.9-503).
The district court erroneously concluded the Bank was not liable for the actions of its independent contractor, R.J. Control Service. The Bank's duty to repossess the Nichols' car "without breach of the peace" was a nondelegable duty; the Bank therefore is liable for any damages caused by R.J. Control Service and its workers. The district court erred by granting the Bank's summary judgment motion.
Id. at 640-41. We believe this opinion is fully consistent with the views of the Florida Supreme Court expressed in Northside *1021 Motors, and the strong public policy of this state against actions constituting a breach of the peace, whether in a commercial setting or otherwise.
Under the circumstances, we agree with appellant that it was error for the trial court to instruct the jury that the bank's liability was contingent upon a jury finding that repossession is an inherently dangerous activity. Under the case law set out above, the bank had a nondelegable duty to repossess by peaceable means only. Of course, the parties are entitled to a trial to determine what actually took place.
We remand for a new trial on the issue of whether the appellee breached the duty imposed upon it under the provisions of section 679.503, and for further proceedings in accordance herewith.
GLICKSTEIN, C.J., and LETTS, J., concur.