PER CURIAM.
In Sammons v. Broward Bank, 599 So.2d 1018 (Fla. 4th DCA 1992), this court held:
Under the circumstances, we agree with appellant that it was error for the trial court to instruct the jury that the bank’s liability was contingent upon a jury finding that repossession is an inherently dangerous activity. Under the case law set out above, the bank had a nondelegable duty to repossess by peaceable means only. Of course, the parties are entitled to a trial to determine what actually took place.
We remand for a new trial on the issue of whether the appellee breached the duty imposed upon it under the provisions of section 679.503, and for further proceedings in accordance herewith.
Id. at 1021. On remand the trial court entered a summary judgment on liability. The order granting summary judgment is in direct violation of this court’s mandate directing a new trial. We reject appellees’ argument that the court had such discretion as a result of this court’s additional remand for “further proceedings in accordance herewith.”
Accordingly, we reverse the order granting a partial summary judgment and again remand this case to the trial court with directions to conduct a new trial.
REVERSED and REMANDED.
DELL, C.J., and WARNER and PARIENTE, JJ., concur.