Marie **ROBINSON,** Appellant,

v.

**CITICORP NATIONAL SERVICES, INC.,** Respondent.

No. 68660.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 5, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1996.

Application to Transfer Denied
May 28, 1996.

Don V. Kelly, Phillips & Phillips, St. Louis, for appellant.

Robert J. Brummond, Sullivan and Brummond, St. Louis, for respondent.

SIMON, Judge.

Appellant, Marie Robinson, appeals the granting of summary judgment in favor of Citicorp National Services, Inc. (Citicorp), respondent, in an action for wrongful death, breach of peace, and trespass.

On appeal, appellant contends that the trial court erred in granting summary judgment in favor of respondent because: 1) respondent is not entitled to summary judgment as a matter of law since the issue of agency is irrelevant in a wrongful death, breach of peace, and trespass action brought against a secured creditor who delegates repossession to another; and 2) genuine issues of material fact exist which preclude summary judgment in favor of respondent. We reverse and remand.

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid-America Marine*, 854 S.W.2d 371, 376[1–3] (Mo. banc 1993). However, summary judgment is proper where the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 380–381.

Here, the record reveals that on or about May 21, 1988, Clarence Robinson (Clarence) purchased a 1988 Hyundai automobile (automobile) from Bommarito Hyundai, Inc., (Bommarito). Under the terms of the purchase contract, the automobile was to be paid in monthly installments and Bommarito held a security interest in the automobile. Bommarito subsequently assigned its security interest to respondent. Thereafter, Clarence became unable to pay the required monthly installments.

M & M Agency, Inc. (M & M), performs repossession services for banks and finance companies in the St. Louis area. Respondent and M & M had previously entered into an Independent Contractor Agreement (ICA) whereby M & M would provide repossession services for respondent on a per job basis. Respondent requested M & M repossess Clarence's automobile pursuant to the ICA.

On August 15, 1990, the automobile was parked on the property owned by appellant. On that date and at that location, employees of M & M attempted to repossess the automobile. Odell Robinson, Sr. (Odell), appellant's husband, told a M & M employee to get off the property numerous times to no avail. The alleged trespass and breach of peace ensued, and Odell suffered a heart attack and died. Appellant then filed a six-count first amended petition against respondent and M & M alleging: wrongful death— breach of peace (Count I), wrongful death— trespass (Count II), breach of peace (Count III), trespass (Count IV), breach of peace (Count V), and trespass (Count VI). Counts I, II, III, and IV were directed against respondent. Counts V and VI were directed against M & M.

Respondent answered essentially denying the substantive allegations of appellant's first amended petition. Respondent then filed a motion for summary judgment with respect to Counts I–IV of appellant's first amended petition based on the assertion that at the time M & M repossessed the automobile, M & M was an independent contractor and not an agent of respondent. In support of its motion, respondent made specific references to the depositions of Roger Martin, president of M & M, and Kenneth Lee Reichardt, an employee of M & M. Respondent also made specific references to the ICA, as well as to the response of M & M to its First Requests for Admissions.

Thereafter, appellant filed a response to respondent's motion essentially denying its substantive paragraphs. Further responding, appellant made specific references to her deposition and the depositions of Martin, Reichardt, and Steven Brinkman, an employee of M & M. Appellant's response also made specific references to the ICA. Respondent's motion for summary judgment was granted.

In her first point on appeal, appellant contends that the trial court erred in granting respondent's motion for summary judgment because as a matter of law the issue of agency is irrelevant in an action for wrongful death, breach of peace, and trespass brought against a secured creditor who fails to comply with § 400.9–503 RSMo.1994 (all further references shall be to RSMo.1994 unless otherwise noted.) Specifically, appellant contends that § 400.9–503 imposes a nondelegable duty on a secured creditor to repossess peaceably, and therefore, the independent contractor status of the hired repossessing entity is irrelevant.

Missouri has adopted § 9–503 of the Uniform Commercial Code (UCC) as codified in § 400.9–503. We note that § 400.9–503 is substantially similar to § 9–503 of the UCC. *See* Uniform Commercial Code § 9–503, 3B U.L.A. 53 (1995). It provides in pertinent part:

**400.9–503. Secured party's right to take possession after default**

Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.

The parties have not directed us to, nor has our research uncovered, any Missouri cases dealing with the issue of whether a secured creditor can delegate liability for wrongful death, breach of peace, and trespass by hiring an independent contractor to perform the repossession pursuant to § 400.9–503.

■■■ The Missouri UCC expressly states that it was intended, in part, "to make uniform the law among the various jurisdictions." § 400.1–102(2)(c). This statutory direction implements the underlying purpose of all uniform laws to eliminate uncertainty and provide plain and certain the controlling rules of law. *See State ex rel. Tri–City Const. Co. v. Marsh,* 668 S.W.2d 148, 151[2] (Mo.App.1984). Furthermore, where there is a paucity of Missouri case law interpreting a provision of the UCC, courts of this state look for guidance to decisions of other jurisdictions made under the same provision. *Interco Inc. v. Randustrial Corp.,* 533 S.W.2d 257, 261[1] (Mo.App.1976). Therefore, we look to cases from other jurisdictions which are informative.

■■■ In *MBank El Paso, N.A. v. Sanchez,* 836 S.W.2d 151 (Tex.1992), *Sammons v. Broward Bank,* 599 So.2d 1018 (Fla.App. 4 Dist.1992), *Nichols v. Metropolitan Bank,* 435 N.W.2d 637 (Minn.App.1989), and *General Finance Corp. v. Smith,* 505 So.2d 1045 (Ala.1987), it was held that § 9–503 of the UCC imposed a nondelegable duty on a secured creditor to repossess peaceably. Each state has adopted pertinent statutes regarding a secured party's duty to repossess in a peaceable manner which are substantially similar to Missouri's § 400.9–503. The duty to repossess property in a peaceable manner is specifically imposed on a secured party by the UCC and is intended to protect debtors and other persons affected by repossession activities. *Sanchez,* 836 S.W.2d at 154[5]; *Sammons,* 599 So.2d at 1020; *Nichols,* 435 N.W.2d at 640[2]. Accordingly, a secured party may not delegate to third persons, including independent contractors, the se-

cured party's duty to repossess in a peaceable manner. *Sanchez,* 836 S.W.2d at 154[5]; *Sammons,* 599 So.2d at 1020; *Nichols,* 435 N.W.2d at 640[2]; *General Finance,* 505 So.2d at 1048[3, 4]. Furthermore, the conditional nature of the secured party's self-help remedies indicate that a secured party must ensure there is no risk of harm to the debtor and others if the secured party chooses to repossess collateral by self-help methods. *Sanchez,* 836 S.W.2d at 154[5]; *Sammons,* 599 So.2d at 1020; *Nichols,* 435 N.W.2d at 640[2].

 Here, respondent hired M & M to repossess the automobile pursuant to § 400.9–503. In addition, § 400.9–503 creates a nondelegable duty on behalf of respondent to repossess peaceably. *See Sanchez, supra; see Sammons, supra; see Nichols, supra; see General Finance, supra.* Furthermore, this duty cannot be delegated to M & M, regardless of whether or not it is an independent contractor. *See Sanchez, supra; see Sammons, supra; see Nichols, supra; see General Finance, supra.* As a result, the trial court erred as a matter of law in granting respondent's motion for summary judgment.

Respondent cites *Scott v. Ford Motor Credit Corp.,* 706 S.W.2d 453, 460 (Mo.App. 1985) for the proposition that a secured creditor who hires a collection agency as an independent contractor cannot be held liable for the collection agency's negligent acts in repossessing an automobile. However, respondent's reliance is misplaced. Our review of *Scott* indicates that the court did not address the issue of whether § 400.9–503 creates a nondelegable duty on the part of a secured party, and as a result, it is distinguishable.

It is therefore unnecessary to consider appellant's remaining point on appeal. The judgment of the trial court is reversed and the case is remanded.

PUDLOWSKI, J., concurs.

AHRENS, J., concurs in result.