I concur with the majority's holding that Kenneth Thrash and Kathryn Thrash presented substantial evidence indicating that Credit Acceptance Corporation ("CAC") had reserved the right of control over the manner in which Gulf Coast Recovery Services Storage, Inc. ("GCRS"), repossessed the Thrashes' vehicle.
I dissent from the majority's holding that the Thrashes presented substantial evidence indicating that GCRS committed a breach of the peace and entered the Thrashes' premises unlawfully when it repossessed the Thrashes' vehicle. GCRS placed liquid dish-washing soap on the Thrashes' driveway and carport because it could not tow the car from its position under the Thrashes' carport. While tearing down the Thrashes' carport to facilitate towing would certainly constitute a breach of the peace in this case, I do not believe that merely placing a water-soluble lubricant under the tires of the Thrashes' car constituted a breach of the peace. *Page 976 
To support the majority's holding that GCRS's actions in this case may constitute a breach of the peace, the majority quotes this Court's statement in Pleasant v. Warrick, 590 So.2d 214 (Ala. 1991), that a secured party may repossess collateral "if possession can be accomplished without risk of injury to the secured party or to any innocent bystanders." 590 So.2d at 216 (quoting General Finance Corp. v. Smith,505 So.2d 1045 (Ala. 1987)). In my opinion, the majority opinion places undue emphasis on this "risk-of-injury" language in Pleasant, to the exclusion of the plain meaning of the phrase "breach of the peace" and this Court's interpretations of that phrase.
Interestingly, the majority opinion does not cite the more recent case of Madden v. Deere Credit Servs., Inc., 598 So.2d 860 (Ala. 1992), in which this Court discussed at length the meaning of the phrase "breach of the peace." In Madden, this Court turned to, inter alia, the Restatement(Second) of Torts § 183 (1965), for an explanation of a secured creditor's right of repossession:
 "`Except as otherwise agreed, a conditional vendor . . . of a thing who is entitled to immediate possession thereof . . . is privileged, at a reasonable time and in a reasonable manner, to enter land in the possession of the vendee . . . for the purpose of taking possession of the thing and removing it from the land.'"
598 So.2d at 865. Contrary to the implicit holding by the majority in this case, the slightest risk of injury to the secured party that may arise from a repossession tactic does not render such tactic unreasonable. I believe that GCRS's repossession tactics were entirely reasonable and, therefore, did not constitute a breach of the peace.