BERGER, J.
Beverly Cesary Daniel appeals the final summary judgment entered by the trial court in favor of Associated Investigators, Inc. and John B. Morris, an employee of Associated Investigators. Daniel argues the trial court erred when it determined that Associated Investigators and Morris were subsequent tortfeasors of BankFirst and that the settlement and release of BankFirst discharged Associated Investigators and Morris from liability. We agree and reverse.
Daniel owned and operated Orlando Limousine, Inc., with her business partner, Carlos Rivera.[1] BankFirst held a purchase-money security interest in a bus owned by Orlando Limousine from a loan it made to Rivera.
After Rivera’s death, Orlando Limousine defaulted on the loan. Thereafter, Bank-First. obtained a judgment against Rivera’s estate for $70,000 plus statutory interest. BankFirst then hired Associated Investigators to repossess the bus., An initial attempt at repossession was unsuccessful. However, on March 6, 2012, Morris made a second attempt. This time, when he entered Orlando Limousine’s premises to repossess the bus, Morris allegedly ignored Daniel’s request to leave, forced his way onto the bus, and came into physical contact with Daniel.
Daniel filed a" two-count complaint against BankFirst, Associated Investigators, and Morris. The first count alleged negligence during the repossession when *1197 Morris came into physical contact with Daniel and injured her. The second count was also titled negligence, but asserted a trespass to land and chattels (the bus) claim.
BankFirst and Daniel later reached a settlement agreement and executed a mutual release.[2] The release stated that the Estate of Carlos Rivera satisfied the $70,000 judgment held by BankFirst against the estate and that Daniel, individually and as personal representative of the estate, paid BankFirst $8,000 to settle all other claims BankFirst had against the estate. The release specifically referenced the case brought by BankFirst against the estate and this case. The release further stated that Daniel agreed to voluntarily dismiss her claim against’ BankFirst as additional consideration for BankFirst’s release of its claims against the' estate.
Thereafter, Associated Investigators and Morris filed a motion for summary judgment, arguing that when Daniel released her claims against BankFirst, she failed to preserve her claims against them. They asserted that BankFirst was the initial tortfeasor and that they were subsequent tortfeasors based on BankFirst’s earlier repossession attempt before March 6, 2012. Associated Investigators and Morris argued that the repossession on March 6, 2012, aggravated the earlier trespass. Daniel denied that Associated Investigators and Morris were subsequent tortfea-sors. She noted that BankFirst paid her nothing in exchange for the release and that Associated Investigators was hired by BankFirst as an independent contractor. Daniel contended that the release was intended only to settle BankFirst’s claims against Carlos Rivera’s estate and not the claims against Associated Investigators and Morris.
The trial court granted the Appellees’ motion for summary judgment, stating:.
The allegations against BankFirst were such that BankFirst initiated repossession of the vehicle and that Bank-First subsequently initiated additional repossession- efforts on Plaintiffs alleged property. The release however failed to preserve any claims against MORRIS and ASSOCIATED in ■ her settlement with BankFirst. Plaintiffs failure to preserve the claim and the mutual release which was executed by the Plaintiff acts as a release of MORRIS and ASSOCIATED precluding further action [against] MORRIS and ASSOCIATED which entitles MORRIS and ASSOCIATED to Summary Final Judgment as a matter of law. See Rucks v. [P]ushman, 541 So.2d 673 (Fla. 5th DCA 1989), Caccavella v. Silverman, 814 So.2d 1145 (Fla. 4th DCA [2002]), [Univ.] of Miami v. Francois, 76 So.3d 360 (Fla. 3d DCA 2011).
This timely appeal followed.
We. .review orders granting summary judgment de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Daniel argues that the trial court erred in applying the initial and subsequent tortfeasor doctrine to this case. She claims that Morris’ act of pushing her out of á bus during the repossession was the initial and .sole injury, meaning there were no subsequent tortfea-sors. Daniel contends that there was no aggravation of the injury in this case and that, even if there was, only doctors and other medical professionals could be subsequent tortfeasors. Associated Investigators and Morris respond that the initial and subsequent tortfeasor doctrine has been applied outside the. context1 of doctors and medical professionals and quote from *1198 the complaint to support their contention that there were at least two attempts to repossess the bus. They argue that their first repossession attempt on behalf of BankFirst, which occurred before March 6, 2012, was the initial injury in the form of trespass and that the March 6, 2012 repossession on behalf of BankFirst aggravated the earlier trespass injury. Although Associated Investigators and Morris correctly argue that the initial and subsequent tortfeasor doctrine can apply outside the context of medical malpractice,[3] the doctrine does not apply to this particular factual scenario.
A secured party may take possession of the collateral with or without judicial process if it can be done without a breach of the peace. § 679.609(2)(b), Fla. Stat. (2012). Creditors electing peaceful repossession over replevin are liable for any negligence during the repossession. See S. Indus. Sav. Bank v. Greene, 224 So.2d 416, 418 (Fla. 3d DCA 1969). A creditor’s duty to repossess peacefully, imposed by section 679.609(2)(b), Florida Statutes,' is a nondelegable duty, and a creditor cannot avoid liability for a tortious repossession by hiring an independent contractor to repossess the vehicle. See Sam-mons v. Broward Bank, 599 So.2d 1018, 1020 (Fla. 4th DCA 1992) (citing Nichols v. Metro. Bank, 435 N.W.2d 637, 640-41 (Minn.Ct.App.1989)); see also Nixon v. Halpin, 620 So.2d 796, 798 (Fla. 4th DCA 1993) (holding that the creditor’s nondele-gable duty to not breach the peace during a repossession extends to third parties injured during the repossession attempt (citing Sammons, 599 So.2d at 1020)).
Here, BankFirst, as the creditor, had a nondelegable duty[4] to ensure that the repossession did not breach the peace. See § 679.609(2)(b), Fla. Stat.; Sammons, 599 So.2d at 1020 (citing Nichols, 435 N.W.2d at 640-41). BankFirst’s nondelegable duty was allegedly breached when Associated Investigators, through Morris, entered Daniel’s property on March 6, 2012, to repossess the bus resulting in physical injury to Daniel. As Bank-First owed a nondelegable duty, it was directly liable for all damages resulting from the actions of Associated Investigators and Morris. Although this situation is similar to the initial and subsequent tort-feasor doctrine in that BankFirst was liable for all of the damages, it differs because BankFirst had no fault and would *1199 have been permitted to seek indemnification against Associated Investigators and Morris. See Mortg. Guar. Ins. Corp. v. Stewart, 427 So.2d 776, 779-80 (Fla. 3d DCA 1983). If BankFirst had been an initial tortfeasor, it would not have had, a right to be indemnified by a subsequent tortfeasor, but rather would have only had an equitable subrogation action against the subsequent tortfeasor. See Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702, 703-04 (Fla.1980); Stuart v. Hertz Coup., 351 So.2d 703, 706-07 (Fla.1977). This distinction is significant and indicates that BankFirst and, collectively, Associated Investigators and Morris, were not initial and subsequent tortfeasors. See Stuart, 351 So.2d at 706-07; Sammons, 599 So.2d at 1020. Nevertheless, we will address the merits of Associated Investigators’ and Morris’ argument that the trespass to land and the physical injury inflicted on Daniel on March 6, 2012, aggravated the previous trespass to land before March 6, 2012. Trespass to real property is the unauthorized entry onto another’s real property. Restatement (Second) of Torts § 158 (Am. Law Inst. 1965). The injury caused by trespass to real property is the loss of the use and enjoyment of the land or injury to the land. Coddington v. Staab, 716 So.2d 850, 851 (Fla. 4th DCA 1998); State v. Sarantopoulos, 604 So.2d 551, 555 n. 7 (Fla. 2d DCA 1992) (“As to civil trespass, a trespass to real property is an injury to or use of the land of another by one having no right or authority.” (citing Brown v. Solary, 37 Fla. 102, 19 So. 161 (1896))). Even if no actual damages are proven, the plaintiff is still entitled to nominal damages and costs. See, e.g., Leonard v. Nat Harrison Assocs., Inc., 122 So.2d 432, 433 (Fla. 2d DCA 1960). If the injury to the land is temporary rather than continuing or permanent, then distinct successive rights of action may exist for each individual trespass. See Baker v. Hickman, 969 So.2d 441, 443 (Fla. 5th DCA 2007) (finding that periodic flooding causing no permanent injury to the land was temporary in- nature and did not constitute a permanent continuing trespass to the land (quoting Town of Miami Springs v. Lawrence, 102 So.2d 143, 146 (Fla.1958))). An entry attempting to repossess a vehicle, when not privileged, is temporary in nature giving rise to an individual action for trespass each time it happens. Cf. id.
The problem with Associated Investigators’ and Morris’ argument is twofold. First, although the pre-March 6, 2012 trespass to land was alleged in the facts section of the complaint, it was not alleged as an actual count. Second, the facts provided iii the complaint do not allege a breach of the peace before March 6, 2012, as the repossession attempt apparently stopped when Appellant refused to cqnsent to the entry. See Northside Motors of Fla., Inc. v. Brinkley, 282 So.2d 617, 625 (Fla.1973) (noting that the debtor was not required to permit repossession and could have forced the creditor to resort to judicial methods such as replevin (citing Greene v. First Nat'l Exch. Bank of Va., 348 F.Supp. 672 (W.D.Va.1972))); Quest v. Barnett Bank of Pensacola, 397 So.2d 1020, 1023 (Fla. 1st DCA 1981) (“The debtor’s consent, freely given, legitimates any entry; conversely, the debtor’s physical objection bars repossession even from a public street.” (quoting James J. White & Roberts S. Summers, Handbook of the Law Under the Uniform Commercial Code 966-69 (1972))); Raffa v. Dania Bank, 321 So.2d 83, 85 (Fla. 4th DCA 1975) (finding that contractual language consenting to entry prevents a breach of the peace unless the entry is into the home or a closed structure or some other event occurs during the repossession that breaches the peace). Accordingly, in the *1200 absence of allegations of a breach of the peace, Associated Investigators’ entry, onto the land before March 6, 2012, through Morris, was covered by the limited privilege in section 679.609(2)(b), Florida Statutes.[5] Consequently, there was no prior trespass or injury alleged in the complaint occurring before March 6, 2012. See Marine Midland, Bank-Cent. v. Cote, 351 So.2d 750, 752 (Fla. 1st DCA 1977); see also Restatement (Second) of Torts § 158 cmt. e (Am. Law Inst.1965). Thus, there was no trespass action accruing before March 6, 2012, for Appellees to aggravate.
Additionally, the initial and subsequent tortfeasor doctrine could not apply solely based on the events occurring on March 6, 2012. The March 6, 2012 trespass exists because a breach of the peace was alleged. See Cote, 351 So.2d at 752. A subsequent physical injuly caused by the alleged negligence in carrying out the repossession was also alleged'. ' While it is true' that the trespass on March 6,2012, could have been aggravated by the subsequent alleged negligence, because BankFirst had ⅛ nondelé-gable duty and was directly liable for the breach of that duty by its independent contractor, Associated Investigators, and Associated Investigators’ employee, Morris, there could not be a subsequent tort-feasor as no tortfeasor was liable only for the aggravated portion of the injury. See Sammons, 599 So.2d at 1020; Rucks, 541 So.2d at 675. Indeed, all three would be liable for the entire injury. Therefore, this case is distinguishable from cases applying the initial and subsequent tortfeasor doctrine because in those- cases certain tortfeasors were liable only to the extent they aggravated- the injury. See Francois, 76 So.3d at 365 n. 5; Caccavella, 814 So.2d at 1148; Rucks, 541 So.2d at 674.
As the initial and subsequent tortfeasor doctrine is not applicable to this case,[6] section 768.041, Florida Statutes (2012), precludes summary judgment on the release. See Francois, 76 So.3d at 365 n. 5; Broz v. Rodriguez, 891 So.2d 1205, 1207 (Fla. 4th DCA 2005) (citing Hertz Corp. v. Hellens, 140 So.2d 73, 73 (Fla. 2d DCA 1962)); Knutson v. Life Care Ret. Comtys., Inc., 493 So.2d 1133, 1135 (Fla. 4th DCA 1986) (citing Hurt v. Leatherby Ins. Co., 380 So.2d 432, 434 (Fla.1980)). We therefore reverse the entry of final summary judgment and remand for further proceedings.[7] -
REVERSED AND REMANDED.
TORPY and WALLIS, JJ., concur.

. Rivera died on November 5, 2011, and Appellant was appointed personal representative of his estate on March 15, 2012. See In re Estate of Carlos Rivera, No. 12-CP-329 (Fla. 18th Cir.Ct. Mar. 15, 2012).

. On July 19, 2013, Appellant filed a notice of voluntary dismissal- with-respect to BankFirst.

. See Gross v. Lyons, 763 So.2d 276, 279 (Fla.2000) (applying the initial and subsequent tortfeasor rule and the indivisible injury rule to successive automobile accidents where there was no medical malpractice); Huet v. Mike Shad Ford, Inc., 915 So.2d 723, 725 (Fla. 5th DCA 2005) (holding that the repairer of the plaintiff's vehicle after the accident could be a subsequent tortfeasor in terms of aggravating the damage to the vehicle).

. Nondelegable duties may “arise out of the common law, statutes or regulations, or contract.” Pope v. Winter Park Healthcare Grp., Ltd., 939 So.2d 185, 188 (Fla. 5th DCA 2006) (emphasis omitted) (citing Dixon v. Whitfield, 654 So.2d 1230, 1232 (Fla. 1st DCA 1995)). Generally, they arise from the common law in the performance of ultrahazardous activities or activities that are of such importance to the community that responsibility cannot be transferred to a third party agent or independent contractor. Id. Liability for breach of a nondelegable duty is similar to but not based on vicarious liability. See Armiger v. Associated Outdoor Clubs, Inc., 48 So.3d 864, 875-76 (Fla. 2d DCA 2010). A party with a nondele-gable duty may contract out the performance of the nondelegable duly to an independent contractor, but he or she will remain liable for the proper performance of the duty. See U.S. Sec. Servs. Corp. v. Ramada Inn, Inc., 665 So.2d 268, 270-71 (Fla. 3d DCA 1995). This liability does not extend to all torts committed by the independent contractor, but only to those that breach the nondelegable duty. Id. at 271 (citing Williams v. Wometco Enters., 287 So.2d 353, 354 (Fla. 3d DCA 1973)).

.Section 679.609(2)(b) conveys a limited privilege for the creditor to enter onto the debtor’s land to repossess secured property provided the entry and repossession is without a breach of the peace. See Marine Midland Bank-Cent. v. Cote, 351 So.2d 750, 752 (Fla. 1st DCA 1977).

. We do not reach Daniel’s argument that the settlement with BankFirst was not intended to fully compensate her, because BankFirst paid her nothing in exchange for the release.

. Our holding does not revive any claims against BankFirst that were released by Daniel. '