Gary M. Gaertner, Jr., Presiding Judge
Introduction
Dustin Mosely (Mosely) appeals the trial court's dismissal and entry of judgment in favor of Show-Me Credit Union (SMCU) on Mosely's counterclaim that SMCU failed to give proper notices required by the Uniform Commercial Code (UCC) before repossessing his vehicles and seeking a deficiency judgment. Because Mosely's factual allegations show that the presale notice SMCU sent to Mosely failed to meet UCC requirements, the trial court erred. We reverse and remand.
Background
In February of 2016, SMCU filed a petition alleging that SMCU and Mosely[1] had entered into a contract to finance two vehicles, with the vehicles as collateral, and that Mosely had ceased making the contracted payments. SMCU alleged that it issued a right to cure letter to Mosely containing the required statutory notices, and that Mosely voluntarily surrendered the two cars. SMCU also alleged it later sent Mosely a statutory notice of intent to sell the cars. SMCU further alleged that after selling the cars and applying the payments and credits due to Mosely, there was still a deficiency of $12,535.96 on Mosely's account, SMCU sought judgment in that amount, as well as attorney's fees, costs, and expenses.
Mosely filed a counterclaim[2] on behalf of himself and all other similarly situated consumers, alleging that SMCU did not obtain Mosely's written consent to repossess the two cars, failed to send various notices that complied with UCC requirements, and wrongfully charged interest. SMCU filed a motion to dismiss Mosely's counterclaim, arguing that Mosely's counterclaim failed to state a claim upon which relief could be granted and that SMCU complied with all applicable statutory notice requirements. The trial court granted *31 SMCU's motion to dismiss Mosely's counterclaim and entered judgment in favor of SMCU.[3] This appeal follows.
Standard of Review
Initially, we note that the trial court's judgment purports to both dismiss Mosely's counterclaim and enter judgment in favor of SMCU on the counterclaim. From the record it is clear the trial court determined a substantive element of Mosely's counterclaim; namely, that SMCU's notices were sufficient, Cf. Boulevard Bank v. Malott, 397 S.W.3d 458, 462 n.2 (Mo. App. W.D. 2013) (noting trial court's dismissal determined substantive element of counterclaim and was tantamount to judgment on pleadings).
Here, SMCU filed a motion to dismiss for failure to state a claim upon which relief could be granted, which is also a basis for a judgment on the pleadings. Mo. R. Civ. P. 55.27(a)(6) (2017). Both require the trial court to assume the facts pleaded by the non-moving party are true and determine whether those facts sufficiently allege a legal cause of action. Mo. Mun. League v. State, 489 S.W.3d 765, 767-68 (Mo. banc 2016) (quoting State ex rel. Nixon v. Am. Tobacco Co., 34 S.W.3d 122, 134 (Mo. banc 2000) ) ("The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss; i.e., assuming the facts pleaded by the opposite party to be true, these facts are, nevertheless, insufficient as a matter of law."); see also Schwartz v. Lawson, 797 S.W.2d 828, 833 (Mo. App. W.D. 1990) (noting courts accord "functional equivalence" to summary judgment, motion to dismiss, and motion for judgment on pleadings). The trial court's judgment includes the substantive determination that SMCU's notices were sufficient as a basis for its determination that Mosely could not prevail as a matter of law. Thus, regardless of the wording of the trial court's judgment, we review whether the allegations in Mosely's petition that the notices were deficient would entitle him to legal relief.
Discussion
In his sole point on appeal, Mosely argues that the facts alleged in his counterclaim sufficiently pled a violation of the UCC's notice requirements, which would entitle him to relief if proven. Mosely pled two counts in his counterclaim, both of which contained an allegation that SMCU's presale notice violated the UCC. Specifically, Mosely alleged the presale notice stated that SMCU intended to dispose of the collateral at issue "at a private or public sale." Mosely argues this notice lacked the specificity required by the UCC. We agree.
The applicable section of the UCC is Section 9-611(b), which is codified in Missouri Section 400.9-611(b).[4] This section requires "a secured party that disposes of collateral" to send the debtor "a reasonable *32 authenticated notification of disposition." The contents of such notice are specified in Section 400.9-614, regarding consumer-goods transactions. As relevant here, a sufficient notice "[s]tates the method of intended disposition [.]" Section 400.9-613(1)(C).[5]
While Section 400.9-614(2) specifies that "[a] particular phrasing of the notification is not required," Comment 2 to Section 400.9-614 cautions, "[a] notification that lacks any of the [required contents] is insufficient as a matter of law." "A creditor is held to the requirement of strict compliance with these notice provisions. Any doubt about what constitutes strict compliance is resolved in the debtor's favor." Boulevard Bank, 397 S.W.3d at 463.
Here, taking the allegations in Mosely's counterclaim as true, SMCU's presale notice stated that the collateral would be sold "at a private or public sale, on or after...." The Western District Court of Appeals, faced with a substantially similar notice, explained the difference between public and private sales:
Public and private sales of collateral are significantly different methods of disposition, and are subject to materially different notice requirements. Comment 7 to § 400.9-610 explains that "a 'public disposition' is one at which the price is determined after the public has had a meaningful opportunity for competitive bidding." "A private sale, by contrast, is not open to the general public, usually does not occur at a pre-appointed time and place, and may or may not be generally advertised."
Boulevard Bank, 397 S.W.3d at 463 (citations omitted). The Western District then observed that the notice requirements for public and private sales also differ, in that notice of a public sale must "state the time and place of a public disposition," but a private sale's notice "need only inform the debtor of 'the time after which any other disposition is to be made.' " Id. at 464 (quoting Section 400.9-613(1)(E)) (internal alterations omitted).
Moreover, these differences mean that the failure to specify the type of sale in a presale notice to a debtor leaves the debtor without an adequate ability to protect his or her interests. Boulevard Bank, 397 S.W.3d at 465 (citing cases). Analyzing the same issue, the California Court of Appeal explained as follows:
If a public sale is intended, notice of the time and place informs the debtor of the deadline for curing the default and, in the alternative, permits the debtor to arrange for someone to be present at the auction, either himself or another, to bid up the price. If a private sale is intended, notice of the date after which it will occur provides a minimum deadline for curing the default. The debtor may thereafter continue curative efforts until the collateral is sold and monitor the creditor's attempts to sell the collateral to assure commercial reasonableness.
Union Safe Deposit Bank v. Floyd, 76 Cal. App. 4th 25, 40-41, 90 Cal.Rptr.2d 36 (1999), quoted in Boulevard Bank, 397 S.W.3d at 465 (noting court decisions from other jurisdictions interpreting UCC provisions can be instructive when interpreting same Missouri UCC provisions).
Thus, a failure to specify the type of sale, either public or private, at which *33 the creditor would dispose of collateral violates the notice requirements in Sections 400.9-613(1)(C) and 400.9-614(1)(A). Mosely properly pleaded such a failure by SMCU, thus the trial court erred in determining that SMCU's notice was sufficient. Point granted.[6]
Conclusion
Because Mosely properly pled SMCU's presale notice violated the UCC, the trial court erred in dismissing his counterclaim and granting judgment in favor of SMCU. We reverse the trial court's judgment and remand for proceedings consistent with this opinion.
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

SMCU also named Mosely's wife as a defendant in the petition, but she is not a party to this appeal, so we refer only to Mosely in this opinion.

Initially, the trial court granted a default judgment in favor of SMCU, which it later set aside. SMCU filed a motion to dismiss Mosely's first counterclaim, after which Mosely filed a first amended counterclaim and later a second amended counterclaim, each time in response to a motion to dismiss filed by SMCU, Here, we discuss only Mosely's second amended counterclaim.

After the trial court entered judgment on SMCU's motion to dismiss, Mosely filed a motion to amend the judgment to determine whether the judgment was appealable. The trial court later amended the judgment, adding a finding that SMCU's "right to cure, presale and post-sale notices complied with the statutory requirements of the UCC[.]" Based on the timing of the amended judgment, the parties dispute whether the trial court had jurisdiction to enter it. We previously declined to reach this issue, treating the present appeal as timely. We similarly decline to reach the issue here because it is not necessary for our analysis of the sufficiency of Mosely's counterclaim.

The relevant language discussed in this opinion is identical between the UCC and Missouri's codification of the UCC. "The Missouri UCC expressly states that it was intended, in part, 'to make uniform the law among the various jurisdictions,' § 400.1-102(2)(c)." Robinson v. Citicorp. Nat'l Servs., Inc., 921 S.W.2d 52, 54 (Mo. App. E.D. 1996). "Missouri's statutory scheme for its version of the UCC adds the prefix of 400 to the UCC numbering scheme." Mancuso v. Long Beach Acceptance Corp., 254 S.W.3d 88, 91 n.2 (Mo. App. W.D. 2008). To ease readability, we will refer only to the Missouri statutory sections throughout this opinion.

Section 400.9-614(1)(A) incorporates the requirements of Section 400.9-613(1).

We reject SMCU's argument that Mosely nevertheless lacked standing to bring his counterclaim because he failed to allege harm, relying on the United States Supreme Court's recent decision in Spokeo, Inc. v. Robins, --- U.S. ----, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016). That case concerns actions under the Fair Credit Reporting Act and has not been applied to actions under the UCC. We do not undertake to determine whether such an extension of Spokeo is appropriate here. Regardless, we note Comment 4 of Section 400.9-625 states that the remedies are intended "to ensure that every noncompliance ... results in liability, regardless of any injury that may have resulted."