541 So.2d 673 (1989)
Carol Ann RUCKS and Harold Rucks, Her Husband, Appellants,
v.
Wayne PUSHMAN, Roger Gailey, Individually and D/B/a Kelley's Bar, et al., Appellees.
No. 88-1262.
District Court of Appeal of Florida, Fifth District.
March 16, 1989.
Rehearing Denied April 20, 1989.
*674 Edward J. Richardson of Saxon & Richardson, P.A., Melbourne, for appellants.
Armando R. Payas of Parker, Johnson, Owen, McGuire & Michaud, P.A., Orlando, for appellees D.W. McMillan, M.D., and D.W. McMillan, M.D., P.A.
Andrew A. Graham of Reinman, Harrell, Silberhorn, Moule & Graham, Melbourne, for appellees Scott Gettings, M.D., and Scott Gettings, M.D., P.A.
Michael A. Miller of Anderson & Miller, P.A., Orlando, for appellee Brevard Hosp. Ass'n, Inc., d/b/a James E. Holmes Regional Holmes Medical Center.
Charles W. Sell of Gray, Harris & Robinson, Orlando, for appellee Florida Patients Compensation Fund.
No appearance for appellees Wayne Pushman, Roger Gailey, individually and d/b/a Kelley's Bar.
COWART, Judge.
Appellant Mrs. Rucks was injured by appellee Pushman outside a bar owned by appellee Gailey. When taken to a hospital for treatment, she was allegedly further injured by the alleged negligence of the hospital and her treating physicians. Mrs. Rucks and her husband brought a multi-count complaint against Pushman, Gailey, the hospital, the treating doctors, and the Florida Patients Compensation Fund (FPCF). During the pendency of the action, Mrs. Rucks and her husband settled with Pushman and Gailey, giving those individuals a release. Thereafter, the hospital and the treating physicians filed motions for summary judgment alleging that the releases to Pushman and Gailey were without qualification and represented settlement in full for all damages suffered by Mrs. Rucks and her husband on account of injury sustained by Mrs. Rucks in consequence of "an accident [incident] that occurred on or about the 13th day of February, 1982, at or near Kelley's Bar in Melbourne, Brevard County, Florida." Mrs. Rucks and her husband filed a motion to reform their release to Gailey to show that it did not release Mr. and Mrs. Rucks' claim against anyone except Gailey. Apparently no order was entered on that motion. The trial court ultimately entered summary judgment in favor of the hospital and treating *675 physicians based on McCutcheon v. Hertz Corp., 463 So.2d 1226 (Fla. 4th DCA 1985), rev. denied, 476 So.2d 674 (Fla. 1985). Mr. and Mrs. Rucks appeal.
When a tortfeasor negligently or intentionally injures a victim and the victim, in obtaining necessary medical treatment for those injuries, is further injured (or her existing injuries are aggravated) by the negligence of the health care providers, the law is now clear that the original (initial or primary) tortfeasor is liable to the victim not only for the original injuries received as a result of the initial tort, but also for the additional (or aggravated) injuries resulting from the subsequent negligence of the health care providers.[1] This is true although the original tortfeasor and the subsequently negligent health care providers are independent tortfeasors and not joint tortfeasors jointly and severally liable for one common injury. The initial tortfeasor is liable for the injuries caused by his tort and for the injuries caused by the negligent health care providers, but, ordinarily, the negligent health care providers are liable only for injuries resulting from their own negligence and not for injuries attributable solely to the original tort.[2] If the injuries from the two torts are distinguishable, the doubly injured victim can recover from the initial tortfeasor for injuries caused by the original tort AND the victim can recover from the subsequently negligent health care providers for the injuries caused, or aggravated by, their negligence OR the victim can recover from the initial tortfeasor for all injuries resulting from both torts but, of course, the victim cannot recover from the initial tortfeasor for injury caused by the negligent health care providers and also recover for the same injuries from the health care providers.
A doubly injured victim can first settle with, and release, the health care providers as to the injuries suffered as a result of their negligence and then sue the initial tortfeasor as to injuries resulting from the initial tort and there is ordinarily no problem about the release from the health care providers constituting a release from the initial tortfeasor because the tortfeasors are independent and not joint tortfeasors. Likewise and for the same reasons, a victim can first settle with the initial tortfeasor as to only the injuries suffered as a result of the initial tort and then sue the health care providers for injuries suffered as a result of their negligence but in this situation, the settlement agreement and release of the initial tortfeasor should be carefully accomplished so that it is clear that the victim is not receiving compensation from the initial tortfeasor for injuries resulting from the subsequent negligence of the health care providers and that the victim is reserving the victim's cause of action against the health care providers.
When the victim's settlement agreement with, and release of, the initial tortfeasor clearly shows that the victim is receiving compensation for injuries caused by the subsequent negligence of the health care providers and is assigning to the initial tortfeasor the victim's cause of action against the health care providers, there is apparently no problem. Of course, in this event the initial tortfeasor has become subrogated to, and can assert, the victim's cause of action against the health care providers and the victim no longer has, and therefore cannot assert, that cause of action. Similarly, when the victim's settlement agreement with, and release of, the initial tortfeasor clearly shows that the victim is recovering only compensation for injuries caused by the initial tort and is *676 reserving to the victim the victim's cause of action against the health care providers, there is again, apparently, no problem and the victim can thereafter assert that cause of action. The problem in this case and in the case culminating in McCutcheon v. Hertz, results when the victim settles with the initial tortfeasor and it is not clear, one way or the other, whether the settlement agreement and release resulted in assignment to the initial tortfeasor of the victim's cause of action against the negligent health care providers (i.e., that the initial tortfeasor became subrogated to the victim's claim against the health care providers) OR, conversely, that no assignment or subrogation resulted and the victim reserved the victim's cause of action against the health care providers.
In this third and unclear situation, the trial court understood that the McCutcheon v. Hertz line of cases holds that the rule is that if the victim's settlement agreement with, and release of, the initial tortfeasor does not clearly reserve to the victim the victim's cause of action against the health care providers, the legal presumption is that the victim recovered from the initial tortfeasor for the injuries caused by the health care providers and the initial tortfeasor will become subrogated to that cause of action and the victim will be thereafter barred from asserting that cause of action against the health care providers.
We agree with the trial court's understanding of the problem and of the law and affirm the summary judgment entered below.
While the summary judgment in this case is procedurally correct, if in truth and in fact the true settlement agreement between the victim and the initial tortfeasor was intended by those parties thereto to be only a settlement of the victim's injuries resulting from the initial tortfeasor and was not intended to compensate the victim for injuries resulting from the negligence of the health care providers, and should not in law or in equity result in a transfer to the initial tortfeasor of the victim's cause of action against the health care providers, the victim should, in justice and fairness and law, be given an opportunity to establish that fact. However, consistent with the trial court's decision, we hold that the victim's motion to reform made in this law action for the recovery of damages was inadequate for that purpose. The cause of action, if any, the victim may have against the initial tortfeasor to reform the victim's release should be asserted in a separate equitable reformation action. If, because of its form, the victim's release has resulted in an unintended assignment of rights by operation of law, we know of no reason why the initial tortfeasor cannot merely reassign those rights to the victim by a properly drawn legal document or, if there is a controversy as to the intent of those parties, why the victim cannot resolve that controversy in a separate equitable action against the initial tortfeasor for reformation and, when equitable relief has been obtained, assert such cause of action against the health care providers. This opinion is not intended to preclude such action by the victim if appropriate and desired and otherwise possible. We realize, of course, that matters such as the statute of limitations may thwart the victim in this particular case.
For the reasons given, the summary judgment entered below in this action is
AFFIRMED.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] See Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702, 704 (Fla. 1980); J. Ray Arnold Lumber Corp. v. Richardson, 105 Fla. 204, 141 So. 133, 135 (1932).
[2] The rule is stated as being "ordinarily" so because in a given situation where the injuries attributable to a subsequent tortfeasor cannot be distinguished from injuries resulting from an earlier tort, the subsequent tortfeasor may be liable for all of the injury although he caused but an indistinguishable part of those injuries. See Hamblen, Inc. v. Owens, 127 Fla. 91, 172 So. 694 (1937); Maser v. Fioretti, 498 So.2d 568 (Fla. 5th DCA 1986); Randle-Eastern Ambulance Service, Inc. v. Millens, 294 So.2d 38 (Fla. 3d DCA 1974), cert. denied, 302 So.2d 416 (Fla. 1974); Washewich v. Lefave, 248 So.2d 670 (Fla. 4th DCA 1971); Hollie v. Radcliffe, 200 So.2d 616 (Fla. 1st DCA 1967), and Wise v. Carter, 119 So.2d 40 (Fla. 1st DCA 1960).