571 So.2d 575 (1990)
Paul R. SMITH, et al., Appellants,
v.
Marc HARR, Appellee.
No. 90-351.
District Court of Appeal of Florida, Fifth District.
December 27, 1990.
Paul R. Linder of Griffin & Linder, P.A., Orlando, for appellants.
James W. Smith of Smith, Schoder & Rouse, P.A., Daytona Beach, for appellee.
*576 GOSHORN, Judge.
Paul Smith appeals the final judgment entered against him after the trial court granted Dr. Marc Harr's motion for summary judgment. Because the record demonstrates a material factual dispute between the parties, we reverse.
Smith's existing back problems were exacerbated when his automobile was rearended by a vehicle owned by Central Florida Distributing Company (CFDC). Smith sought Dr. Harr's care. After becoming dissatisfied with Dr. Harr's treatment, Smith filed a medical malpractice action. The trial court eventually entered summary judgment in favor of Dr. Harr premised on a release executed and delivered between Smith and CFDC's insuror. That release provided in pertinent part:
I/we, being of lawful age, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators and assigns, release, acquit and forever discharge Central Florida Distributing Co, Inc. David C. Stuff, South Carolina Insurance Co, Seibels, Bruce and any and all other persons, firms and corporations of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, and all consequential damage on account of, or in any way growing out of any and all known and unknown personal injuries and death and property damage resulting or to result from accident that occurred on or about the 7th day of June 1983, at or near 624 South Ridgewood Avenue, Daytona Beach, Florida.
After Dr. Harr motioned for summary judgment, Smith filed a reassignment of rights in opposition to the motion. In the reassignment CFDC's insuror stated that the release was intended to bind only Smith and CFDC:
Whereas, Paul R. Smith was involved in an automobile accident on July 7, 1983 with a vehicle owned by Central Florida Distributing and
Whereas, Central Florida Distributing, it's employees, agents and servants including David C. Stuff, was insured with respect to the aforesaid accident with The Seibels Bruce Insurance Company, Policy Number CAP 8965720-LA; and Whereas, The Seibels Bruce Insurance Company was duly authorized pursuant to the aforesaid policy to act on behalf of Central Florida Distributing, it's employees, agents and servants including David C. Stuff in negotiating a settlement of the aforesaid claim and the form of any release documents; and
Whereas, The Seibels Bruce Insurance Companies did negotiate a settlement with Paul R. Smith and Phyllis Smith, his wife pertaining to the aforesaid accident; and
Whereas, the parties did not intend for the release executed by Paul R. Smith to operate as a release or assignment of any claim for medical malpractice Paul R. Smith may have had against Marc Harr, M.D.; and
Whereas, if said release did operate to assign said cause of action for medical malpractice by operation of law, it was a result of a mutual mistake, it is hereby agreed as follows:
1. The Seibels Bruce Insurance Company, individually and as agent for Central Florida Distributing, it's employees, agents and servants including David C. Stuff, hereby reassigns any cause of action for medical malpractice it may have acquired pursuant to the aforesaid release against Dr. Marc Harr, including those matters asserted in the action presently pending styled Paul R. Smith and Phyllis Smith, his wife, vs. Marc Harr, in the Seventh Judicial Circuit in and for Volusia County, Case No. 88-2899-CA-01-E.
Both parties agree that the outcome of this appeal hinges on this court's holding in the recent case of Rucks v. Pushman, 541 So.2d 673 (Fla. 5th DCA), review denied, 549 So.2d 1014 (Fla. 1989). Rucks addressed the question of whether a plaintiff's settlement with an initial tort-feasor precludes recovery against a second tort-feasor who further injures the plaintiff while providing medical treatment to the initial injury. As this court observed, confusion *577 arises when it is unclear whether the settlement agreement is intended to compensate the plaintiff for injuries sustained by the original tort and the ensuing negligent medical care, thus creating an assignment to the initial tort-feasor of the plaintiff's cause of action against the negligent medical providers, or the settlement is not intended to create such an assignment and the plaintiff thus retains his cause of action against the negligent health care providers:
[T]he rule is that if the victim's settlement agreement with, and release of, the initial tortfeasor does not clearly reserve to the victim the victim's cause of action against the health care providers, the legal presumption is that the victim recovered from the initial tortfeasor for the injuries caused by the health care providers and the initial tortfeasor will become subrogated to that cause of action and victim will be thereafter barred from asserting that cause of action against the health care providers.
* * * * * *
While the summary judgment in this case is procedurally correct, if in truth and in fact the true settlement agreement between the victim and the initial tortfeasor was intended by those parties thereto to be only a settlement of the victim's injuries resulting from the initial tortfeasor and was not intended to compensate the victim for injuries resulting from the negligence of the health care providers, and should not in law or in equity result in a transfer to the initial tortfeasor of the victim's cause of action against the health care providers, the victim should, in justice and fairness and law, be given an opportunity to establish that fact.
Id. at 676.
It is axiomatic that summary judgment is inappropriate unless the facts of a case are so crystallized that disposition of questions of law are all that remain for a trial court to determine. Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490 (Fla. 1957). An opposing affidavit need only raise a material issue of fact to survive the motion. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965). All inferences, doubts, and conclusions must be construed in favor of the party opposing summary judgment. Johnson v. Studstill, 71 So.2d 251 (Fla. 1954); Yost v. Miami Transit Co., 66 So.2d 214 (Fla. 1953). In this case, the reassignment of rights filed by CFDC's insuror established the issue of material fact which we referred to in Rucks relating to the intention of the settlement between a plaintiff and the initial tort-feasor. Thus, summary judgment was improperly entered.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.