MAY, MELANIE G., Associate Judge.
Amidst allegations of third-party beneficiary contractual obligations, respondeat superi- or, and negligence, this appeal raises the basic issue of pleading and proving a viable cause of action in the face of a motion for summary judgment. The trial court granted the defendant’s motion for summary judg *605 ment, but denied the plaintiffs motion for leave to amend. From this judgment, the plaintiffs appeal.
We agree that the trial court appropriately granted summary judgment based on the pleadings before it. However, the deposition of Mr. Grosso and the plaintiffs’ response to the motion for summary judgment raised facts that indicate that the plaintiffs should be given an opportunity to amend. “[Wjhere a summary judgment should be entered, yet the matters presented indicate that the unsuccessful party may have a cause of action or defense not pleaded, or a better one than that pleaded, the proper procedure is to enter the summary judgment with leave to the party to amend.” Hart Properties, Inc. v. Slack, 159 So.2d 286, 240 (Fla.1963); and Allen v. Port Everglades Auth., 553 So.2d 1341 (Fla. 4th DCA 1989).
We therefore affirm the summary judgment without prejudice to the plaintiffs to amend their complaint.
DELL and PARIENTE, JJ., concur.