712 So.2d 1149 (1998)
Dennis MOSLEY, Appellant,
v.
AMERICAN MEDICAL INTERNATIONAL, INC. d/b/a AMI North Ridge Medical Center, A Delaware Corp., Emergency Medical Services Associates, Ltd A/k/a EMSA Limited Partnership, Robert Elliot, M.D., North Broward Hospital District, d/b/a North Broward Medical Center, Samue Chukwuma, M.D., Daniel R. Kanell, M.D., Daniel Kanell, and Georges Boutin, M.D. Appellees.
No. 96-4163.
District Court of Appeal of Florida, Fourth District.
June 10, 1998.
*1150 Peter Mineo, Jr. of Peter Mineo, Jr., P.A., Fort Lauderdale and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for Appellant.
Clark J. Cochran, Jr. of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for Appellee American Medical International, Inc., d/b/a AMI North Ridge Medical Center.
Caryn Bellus-Lewis of Kubicki Draper, Miami, for Appellees Emergency Medical Services Associates, Ltd., a/k/a E.M.S.A., and Robert Elliott, M.D.
Linda R. Spaulding of Conrad, Scherer & Jenne, Fort Lauderdale, for Appellees North Broward Hospital District, d/b/a North Broward Medical Center, and Samue Chukwuma, M.D.
John Beranek of Ausley & McMullen, Tallahassee, and Loreen Kreizinger, Fort Lauderdale, for Appellees Daniel R. Kanell, M.D., and Kanell, Daniel R., M.D., P.A.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham, & Ford, P.A., Fort Lauderdale, for Appellee Georges Boutin, M.D.

ON MOTIONS FOR REHEARING, CLARIFICATION AND CERTIFICATION
PER CURIAM.
We withdraw the previous opinion of the court, substitute the following, grant the motions for rehearing and clarification and deny the motions for certification.
On April 29, 1990, two unknown assailants attacked appellant as he was leaving his place of business. Appellant was treated by several health care providers following the incident. Due to their alleged failure to properly diagnosis his condition, his original injury was aggravated, which resulted in paralysis of the peroneal nerve and a drop foot. In addition to committing medical negligence, appellant contends two health care providers engaged in fraud, or conspired to commit fraud, by covering up the fact that appellant's injury was aggravated by their negligence.
Appellant sued the numerous health care provider appellees for medical negligence, fraud and conspiracy to commit fraud. Appellees moved for summary judgment based on a release appellant had signed settling his claim against the building owners and their insurer for $20,000. For purposes of summary judgment, appellees accepted the facts as asserted by appellant.
The trial court granted summary final judgment in favor of all the defendants/appellees. *1151 The comments of the trial judge at the two hearings on the motion reveal that he accepted the reasoning of the appellees: noting that appellant's full injury was known at the time that he settled with the initial tortfeasor and signed the release; therefore, he negotiated for that injury.
We agree the dispositive issue in the case was not whether appellant intended to release appellees from liability. Although appellant alleges that he did not know the cause of his permanent injury, he does not dispute that he was aware of all of his injuries, including his permanent injury, at the time he settled with the initial tortfeasor. According to the release, appellant's settlement with the initial tortfeasor was intended to cover all of his "known injuries."
In addition to being held responsible for the injuries sustained by a victim as a result of the original tort, an initial tortfeasor is also liable for any additional or aggravated injuries subsequently caused by the negligence of health care providers. Rucks v. Pushman, 541 So.2d 673, 675 (Fla. 5th DCA 1989). Ordinarily, a victim has the option of either recovering from the initial tortfeasor for the full extent of his injuries, including any injuries caused by the subsequent negligence of health care providers, or recovering from the initial tortfeasor and the negligent health care providers separately. Id. A victim may not, however, recover from both the initial tortfeasor and the negligent health care providers for the same injuries. Id.
In McCutcheon v. Hertz Corp., 463 So.2d 1226 (Fla. 4th DCA 1985), this court held that a plaintiff who accepted an offer of judgment from an initial tortfeasor, which included damages for an injury caused by the subsequent negligence of a physician, could not thereafter maintain an action against the physician. This court concluded that the plaintiff was precluded from suing the physician for medical negligence because she had already accepted compensation that provided damages for all of her injuries. Since only one cause of action could be brought against the physician, this court determined that it resided in the initial tortfeasor because of the doctrine of equitable subrogation adopted by the Supreme Court of Florida in Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla.1980). The rationale was to prevent (1) the victim from receiving double recovery and (2) the subsequent tortfeasor from being exposed to double liability to both the victim for damages and the initial tortfeasor under the doctrine of equitable subrogation.
In the case sub judice, it is undisputed that appellant settled with the initial tortfeasor for all of his known injuries and that he was aware of the full extent of his injuries at the time of settlement. If appellant is permitted to pursue a medical negligence action against appellees, he would have the potential of recovering twice for the same injuries. Therefore, we affirm the summary final judgment as to the medical negligence counts.
As to the separate counts for fraud and conspiracy to commit fraud, appellees argue that they were not intended to represent independent torts because appellant pleaded those counts for the purpose of extending the statute of limitations on his medical negligence counts. See § 95.11(4)(b), Fla. Stat. (1995); Mangoni v. Temkin, 679 So.2d 1286 (Fla. 4th DCA 1996). In their motions for rehearing, appellees argue that "[n]o allegations were made of any harm to the Plaintiff from these alleged acts of fraud other than a delay in his ability to bring the malpractice counts of the same Amended Complaint."
To prevail on a theory of fraudulent misrepresentation, a plaintiff must plead: (1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury. Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168, 172 (Fla. 4th DCA 1994).
In count VI for fraud, appellant alleged that (1) appellee Georges Boutin told him that the cause of his permanent injury was a result of the original tort; (2) Boutin knew his representation as to the cause of appellant's injury was false; (3) Boutin made *1152 the representation for "the purpose that Plaintiff rely on same in not suing Defendants," "the purpose of misleading the Plaintiff and/or counsel whom the Plaintiff might consult into believing that no claim or cause of action existed" and "the purpose of causing the two year Statute of Limitations to run and thereby preclud[ing] the Plaintiff from suing Defendants"; and (4) appellant's reliance on Boutin's representation caused him "not to investigate his claim for a period of more than two years following the negligence." Although appellant did not clearly plead resulting damage or injury, "an appellate court may look beyond the issues presented in the pleadings to ensure that a party is `not deprived of his full day in court by summary proceedings, if the record indicates that he has a bona fide potential cause of action or defense'." Suris v. Tropical Fed. Sav. & Loan Ass'n, 515 So.2d 1049, 1050 (Fla. 3d DCA 1987) (quoting Forte v. Tripp & Skrip, 339 So.2d 698, 700 (Fla. 3d DCA 1976)); DeAtley v. McKinley, 497 So.2d 962 (Fla. 1st DCA 1986). In an affidavit submitted in response to the motion for summary judgment, appellant stated that he accepted less than full compensation for his injury based on the perceived strength of his lawsuit against the initial tortfeasor and that he would have pursued a medical negligence claim against appellees if he had known the true cause of his injury. Therefore, the record reflects appellant may have a cause of action for fraud and for conspiracy to commit fraud.
While appellant may have initially pleaded the fraud and conspiracy to commit fraud counts, in part, to extend the statute of limitations, appellees who are the subjects of these counts precluded appellant from exercising his option of suing them in a separate lawsuit for medical negligence by allegedly concealing the true cause of his permanent injury. Where it is apparent from the affidavits and legal arguments that an appellant may have a cause of action not pleaded, we have held the proper procedure is to grant summary judgment with leave to the party to amend. Allen v. Port Everglades Auth., 553 So.2d 1341, 1343 (Fla. 4th DCA 1989); Grosso v. American Tel. & Tel. Co., 691 So.2d 604 (Fla. 4th DCA 1997).
Accordingly, we also affirm the summary judgment as to counts VI and VII without prejudice to appellant to amend his complaint within a reasonable period of time as determined by the trial court.
GLICKSTEIN, DELL and POLEN, JJ., concur.