HARRIS, C.M., Senior Judge,
dissenting.
The majority has well explained why, under the lex loci contractus rule, Appel-lees were not covered by the Georgia release. I agree. The problem remains, however, as to whether Appellants received payment for the alleged Florida malpractice in her Georgia suit against the Inn. If so, Florida’s law and perhaps Georgia’s, prevents double recovery for a single injury.
Appellants alleged in their complaint against the Inn that while in the Florida hospital being treated for the Legionnaires’ disease (caused by the Inn), she suffered an injury inflicted by Appellees which caused damage to the nerve of her right leg. As indicated in the majority, the Inn, as well as Appellees, would be liable for the damages caused by any Florida malpractice. Mrs. Berrios, in her deposition, and her counsel, at closing argument, conceded that Appellants were seeking damages for the Florida malpractice in the Georgia action.
Appellants settled their action and released their claims against the Inn. The form of the release is set out in the majority opinion. The release, in addition to releasing certain parties from liability, is also a receipt for payment and an acknowledgment of what the payment covered. The release releases, and therefore acknowledges payment for, “any and all claims ... arising from ... bodily and personal injuries ... for which we have claimed....”
This release, for consideration, unequivocally released the Inn from damages resulting from the alleged Florida malpractice. There is no indication in the release that none of the settlement proceeds were allocated to the malpractice claim and in fact that the malpractice action was reserved for the Florida courts.
The majority talks of “full satisfaction” indicating that unless plaintiff was fully compensated for her injuries in the initial settlement, then she should have a second cause of action against the hospital for additional compensation. Rucks v. Pushman, 541 So.2d 673, 675 (Fla. 5th DCA 1989), talks about “receiving compensation,” not full satisfaction, in determining whether payment would constitute double recovery.
This was an unliquidated claim; the jury or the parties by negotiation set the value of the action. Here the parties agreed as to the amount Appellants would accept and the Inn would pay for Mrs. Berrios’ injuries from the Legionnaires’ disease and from the malpractice. This claim has once been paid and the matter should end un *132 less the Inn seeks contribution from Ap-pellees.
I would affirm the trial court.