NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TONI SEXTON,                                )
                                            )
            Appellant,                      )
                                            )
v.                                          )       Case No. 2D16-3567
                                            )
SOUTHFIELD SUBDIVISION                      )
MAINTENANCE AND PROPERTY                    )
OWNERS' ASSOCIATION, INC.,                  )
                                            )
            Appellee.                       )
_____)

Opinion filed April 19, 2017.

Appeal from the Circuit Court for Sarasota
County; Brian A. Iten, Judge.

Rory B. Weiner of Rory B. Weiner, P.A.,
Brandon, for Appellant.

Gary M. Schaaf of Becker & Poliakoff, P.A.,
Tampa, for Appellee.

LUCAS, Judge.

            Toni Sexton appeals the entry of a final summary judgment against her

and in favor of her homeowners' association, Southfield Subdivision Maintenance and

Property Owners' Association, Inc., which grants injunctive relief and directs Ms. Sexton

to maintain her house and lawn in accordance with the association's various governing

documents and recorded restrictions. At the time of the summary judgment motion's hearing, the court had before it affidavits from both the association and Ms. Sexton. The association's affidavits mirrored the allegations of its operative complaint, stating that Ms. Sexton's property was in violation of the recorded restrictions because of the unkempt state of her house's fascia, "excessively overgrown and unsightly" landscaping, and vehicles parked on Ms. Sexton's lawn and curb. Ms. Sexton's affidavit responded that "the items listed as alleged violations in Plaintiff's Second Amended Complaint have been addressed and repaired."

Although succinct in their respective renderings of the facts, these conflicting affidavits clearly evinced disputed issues about the condition of Ms. Sexton's property and her compliance with the association's recorded restrictions. See Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 643 (Fla. 1999) ("It is a well-settled principle of Florida jurisprudence that summary judgment should not be granted unless the facts are so clear and undisputed that only questions of law remain." (citing Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985))); Babul v. Golden Fuel, Inc., 990 So. 2d 680, 684 (Fla. 2d DCA 2008) (holding that conflicting affidavits concerning the identity of contracting parties to an ambiguous contract precluded summary judgment); Smith v. Harr, 571 So. 2d 575, 577 (Fla. 5th DCA 1990) (observing that an affidavit in opposition to summary judgment motion "need only raise a material issue of fact to survive the motion" (citing Harvey Bldg., Inc. v. Haley, 175 So. 2d 780, 782-83 (Fla. 1965))). Thus, Ms. Sexton's argument that the circuit court improvidently entered

summary judgment against her is well taken.[1]  Accordingly, we reverse the final judgment of the circuit court and remand this case for further proceedings.

Reversed and remanded.


WALLACE and LaROSE, JJ, Concur.

---

[1]We find no merit in Ms. Sexton's remaining arguments on appeal.