POLSTON, J.,
dissenting.
As explained by the Fifth District,
Here, the Boozers did not settle with Stalley, nor were they held liable, for only their portion of liability, Rather, they were held liable for all of Hintz’s injuries resulting from the accident. Judgment was entered against them for oyer $11 million. That judgment is fully enforceable by Stalley and has various severe consequences for Boozer. If Boozer was not solely liable, then, in fairness, she ought to be able to seek subrogation from the subsequent tort-feasors. Allstate should also have the opportunity to seek equitable subrogation because it has potentially paid more than its fair share. Put simply, wé agree with Appellants that the right to equitable subrogation arises when payment has been made or judgment has been entered, so long as the judgment represents the victim’s entire damages.
Allstate Ins. Co. v. Theodotou, 171 So.3d 163, 167 (Fla. 5th DCA 2015); see, e.g., *792 Caccavella v. Silverman, 814 So.2d 1145, 1147 (Fla. 4th DCA 2002) (“When an initial tortfeasor is held liable for the entirety of the plaintiffs damages, his remedy is an action for equitable subrogation against the subsequent tortfeasor.”); Nat’l Union Fire Ins. Co. of Pittsburgh, PA v. Se. Bank, N.A., 476 So.2d 766, 767 (Fla. 3d DCA 1985) (“A right to subrogation does not arise until judgment is entered or payment has been made.”).
I agree with the Fifth District’s above explanation and would answer the certified question in the affirmative.