# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3423

_____

FLORIDA CARRY, INC., and
REBEKAH HARGROVE,

    Appellants,

    v.

JOHN E. THRASHER, an
individual, FLORIDA STATE
UNIVERSITY, and DAVID L.
PERRY, an individual,

    Appellees.

_____

On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

May 25, 2018

BILBREY, J.[1]

Appellants, Florida Carry, Inc., and Rebekah Hargrove, challenge the trial court's summary final judgment in favor of Appellees John Thrasher, Florida State University (FSU), and David Perry on all issues alleged in Appellants' complaint. We

---

[1] Judge Bilbrey was substituted for an original panel member in this proceeding after oral argument. He has viewed the digital video recording of oral argument.

affirm the summary final judgment for Appellees on the issue of FSU's Game Day Plan without further comment. We affirm, as right for the wrong reason, the summary final judgment for Appellees on the challenges to the FSU Student Conduct Code provisions prohibiting certain concealed weapons license (CWL) licensees from possessing certain defensive devices including stun guns as defined by section 790.06(12)(a)13., Florida Statutes (2015) (hereinafter "defensive devices"), on FSU's campus. We affirm the summary final judgment for President Thrasher and Chief Perry individually regarding the FSU Student Conduct Code's prohibition of lawful possession of firearms in vehicles, as being the correct result as to President Thrasher and Chief Perry, although we disagree with the trial court's reasoning. We reverse the summary final judgment for FSU regarding the FSU Student Conduct Code's prohibition of lawful possession of firearms in vehicles, and we remand for further proceedings as set forth below. Finally, we affirm the trial court's order denying Appellants' post judgment motion to disqualify the trial judge.

## Background

Appellant Florida Carry is a Florida not for profit corporation and its stated purpose is to protect the rights of its members to keep and bear arms. Appellant Ms. Hargrove is a member of Florida Carry, an FSU student, and a CWL licensee. *See* § 790.06, Fla. Stat. (2015) (allowing specified law-abiding persons age 21 or older to apply for a license to carry concealed weapons or firearms subject to restrictions). Appellee FSU is a public university and part of the State University System of Florida. Appellee President Thrasher is the president of FSU, and Appellee Chief Perry is the chief of the FSU police department and assistant vice president for public safety.

The FSU Student Conduct Code prohibits, in part:

6. Weapons

a. On-campus possession or use of firearms, antique firearms, explosives, destructive devices, or other weapons or dangerous articles or substances, including but not limited to non-lethal weapons such as pellet

2

guns, bb guns, paintball markers, slingshots, crossbows, stun guns, Tasers, metallic knuckles, archery equipment, swords, sword canes, ornamental or decorative swords/daggers/knives, or any dangerous chemical or biological agent. Note: This section does not apply to any law enforcement officer who is a student or to any student ROTC member acting under the supervision of an ROTC unit in a manner proscribed (sic) by military regulations of the United States Government, or any student whose possession of a weapon as described above is approved by the FSU Police Department for a bona fide educational purpose.

Appellants filed the complaint on September 8, 2015. The complaint alleged the FSU Student Conduct Code violated section 790.33, Florida Statutes (2015), which — with certain exceptions not applicable here — preempts regulation of firearms by entities other than the Florida Legislature. Appellants' complaint cited our decision in *Florida Carry, Inc. v. University of North Florida*, 133 So. 3d 966 (Fla. 1st DCA 2013) (en banc) (*UNF*), in support of their contention that the promulgation of certain portions of the Student Conduct Code violated Florida law.

Appellants alleged in the complaint that Appellees knew or should have known that they were "without authority to regulate the possession of firearms on the FSU campus." Appellants further asserted that FSU improperly prohibited Ms. Hargrove and certain other CWL licensees from carrying specified defensive devices including stun guns while on FSU's campus and improperly prohibited lawful possession of firearms in vehicles.

The parties entered into a stipulation one week after Appellants filed suit. In the stipulation, Appellees agreed that during the pendency of the litigation Appellees would not "detain, arrest, or discipline" a student, FSU employee, or faculty member who held a CWL and possessed a defensive device as described in

3

section 790.06(12)(a)13., Florida Statutes (2015).[2] Appellees also agreed that they would not "detain, arrest, or discipline any person" for lawfully possessing a weapon or firearm in a private vehicle or lawfully possessing a handgun securely encased in a private vehicle.

The parties did not undertake any discovery but instead filed motions for summary final judgment. Chief Perry submitted an affidavit in support of Appellees' motion where he attested that prior to the *UNF* decision, "FSU, like other Florida colleges and universities, believed they were authorized by Section 790.115(2)(a)3, Florida Statutes, to waive the requirement that persons be permitted to keep guns in motor vehicles on school property." Chief Perry's affidavit also stated that since he became FSU's police chief in 2006, "FSU has not arrested, prosecuted, or disciplined, or threatened to take such action, against anyone for violation of Florida laws relating to firearms or other weapons." President Thrasher also submitted an affidavit in support of summary judgment. Appellants did not submit any affidavits regarding the summary judgment motions.

After a hearing on the competing motions, the trial court issued an order granting Appellees' motion for summary judgment on all issues. The trial court concluded that the exceptions in section 790.115(2)(a), which permit certain weapons on school property, did not include an exception for electronic weapons or devices. The trial court therefore concluded that FSU could ban defensive devices including stun guns as stated in the Student Conduct Code. The trial court also concluded that the claim regarding FSU's prohibition on possession of firearms in vehicles was moot because FSU "acted expeditiously" after the

_____

[2] Section 790.06(12)(a)13., Florida Statutes, provides that a CWL does not authorize the licensee to carry a concealed weapon into "[a]ny college or university facility unless the licensee is a registered student, employee, or faculty member of such college or university and the weapon is a stun gun or nonlethal electric weapon or device designed solely for defensive purposes and the weapon does not fire a dart or projectile."

4

*UNF* decision to "ensure that campus law enforcement personnel were aware of the decision and complied with it."

Appellants then moved to disqualify the trial judge and to vacate the order granting summary final judgment for Appellees. Those motions were denied, and Appellants brought this appeal.

## **Our Prior Caselaw Regarding Firearms on University Campuses**

The Florida Legislature has preempted the field of regulation of firearms through the language in section 790.33, Florida Statutes (2015), which reads, in pertinent part:

(1) Preemption.—Except as expressly provided by the State Constitution or general law, the Legislature hereby declares that it is occupying the whole field of regulation of firearms and ammunition, including the purchase, sale, transfer, taxation, manufacture, ownership, possession, storage, and transportation thereof, to the exclusion of all existing and future county, city, town, or municipal ordinances or any administrative regulations or rules adopted by local or state government relating thereto. Any such existing ordinances, rules, or regulations are hereby declared null and void.

Further, section 790.33 more specifically defines the actions prohibited by the statute and also creates potential causes of action for affected parties, as follows:

(3)    PROHIBITIONS; PENALTIES.—

(a) Any person, county, agency, municipality, district, or other entity that violates the Legislature's occupation of the whole field of regulation of firearms and ammunition, as declared in subsection (1), by enacting or causing to be enforced any local ordinance or administrative rule or regulation impinging upon such exclusive occupation of the field shall be liable as set forth herein.

5

*** 

(c) If the court determines that a violation was knowing and willful, the court shall assess a civil fine of up to $5,000 against the elected or appointed local government official or officials or administrative agency head under whose jurisdiction the violation occurred.

*** 

(f) A person or an organization whose membership is adversely affected by any ordinance, regulation, measure, directive, rule, enactment, order, or policy promulgated or caused to be enforced in violation of this section may file suit against any county, agency, municipality, district, or other entity in any court of this state having jurisdiction over any defendant to the suit for declaratory and injunctive relief and for actual damages, as limited herein, caused by the violation. A court shall award the prevailing plaintiff in any such suit:

    1. Reasonable attorney's fees and costs in accordance with the laws of this state, including a contingency fee multiplier, as authorized by law; and

    2. The actual damages incurred, but not more than $100,000.

This court, in *UNF*, held that the preemption of the regulation of firearms and ammunition in section 790.33 applies to state universities. *UNF*, 133 So. 3d at 973. We held that public colleges and universities in Florida are not authorized to adopt regulations regarding possession of firearms or ammunition beyond what is provided by statute. *Id.* at 972. We further held in *UNF* that a state university is not a "school district" under the exception in section 790.115(2)(a)3., Florida Statutes, which allows school districts to prohibit otherwise lawful possession of firearms in vehicles. *UNF*, 133 So. 3d at 970-71. We also held that the University of North Florida's

6

Student Conduct Code firearm regulation "qualifies as an administrative rule 'adopted by local or state government,' which the legislature has expressly preempted." *Id.* at 973 (citing § 790.33(1), Fla. Stat.).

In *Florida Carry, Inc. v. University of Florida*, 180 So. 3d 137, 148-49 (Fla. 1st DCA 2015) (*UF*), we held that officers, employees, and agents of the State or its subdivisions were not immune from suit under section 790.33 by operation of the limitation in the waiver of sovereign immunity contained in section 768.28(9)(a), Florida Statutes. However, we agreed that even though sovereign immunity did not apply, the plain language of section 790.33(3)(f) precluded the award of damages against individuals. *UF*, 180 So. 3d at 150-51.[3]

In *Florida Carry, Inc. v. City of Tallahassee*, 212 So. 3d 452, 461-62 (Fla. 1st DCA 2017), we determined that in order for a local ordinance, administrative rule, or regulation to violate section 790.33(a), Florida Statutes, the local ordinance, administrative rule, or regulations had to be enacted or enforced. Furthermore, to pursue the remedies under section 790.33(3)(f), the "ordinance, regulation, measure, directive, rule, enactment, order, or policy" had to be "promulgated or caused to be enforced in violation of this section." *City of Tallahassee*, 212 So. 3d at 462-63. We then went on to hold that mere re-publication of an ordinance or rule is not sufficient to find a violation of section 790.33, Florida Statutes. *City of Tallahassee,* 212 So. 3d at 465.

### CWL Licensees' Possession of Defensive Devices on Campus

Appellants sued each Appellee in separate counts claiming violations of section 790.06. The trial court concluded that FSU was correct in banning from campus all defensive devices as

---

[3] Section 790.33(3)(c) does provide for a civil fine against the "local government official or officials or administrative agency head under whose jurisdiction the violation occurred" for "knowing and willful" violations. This subsection is discussed below.

described by section 790.06(12)(a)13. The court relied on section 790.115(2)(a), which states in part:

> A person shall not possess any firearm, electric weapon or device, destructive device, or other weapon as defined in s. 790.001(13), including a razor blade or box cutter, except as authorized in support of school-sanctioned activities, at a school-sponsored event or on the property of any school, school bus, or school bus stop . . .

In relying solely on this section, the trial court did not give effect to section 790.115(2)(e); overlooked section 790.06(12)(a)13.; and did not follow the often-stated requirement, which we mentioned in *UF*, that statutes should be read in such a way as to harmonize and reconcile them so as to give effect to all provisions of all statutes if possible. *See UF*, 180 So. 3d at 142.

Section 790.115(2)(e), Florida Statutes (2015), states, "[t]he penalties of this subsection shall not apply to persons licensed under s. 790.06," the CWL statute. Section 790.06(12)(a) in turn states:

> A license issued under this section does not authorize any person to openly carry a handgun or carry a concealed weapon or firearm into:
>
> ***
>
> 13. Any college or university facility unless the licensee is a registered student, employee, or faculty member of such college or university and the weapon is a stun gun or nonlethal electric weapon or device designed solely for defensive purposes and the weapon does not fire a dart or projectile . . .

Therefore, reading these statutes together, a registered student, employee, or faculty member who possesses a CWL is allowed by Florida law to carry a defined defensive device on campus. The trial court erred in finding that section 790.115(2)(a) applied to Ms. Hargrove, a CWL licensee and FSU

8

student, so as to prohibit her from carrying a defensive device on FSU's campus.

However, the trial court was right for the wrong reason in granting summary final judgment on the issue of the prohibition of defensive devices on campus as set forth in the Student Conduct Code. *See Dade County School Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) (allowing an appellate court to affirm a trial court decision "if a trial court reaches the right result, but for the wrong reasons" so long as "there is any basis which would support the judgment in the record").

The preemption in section 790.33(1) does not apply to defensive devices; only the regulation of firearms and ammunition is preempted. A firearm "will, is designed to, or may readily be converted to expel a projectile by the action of an explosive." § 790.001(6), Fla. Stat. Ammunition must contain "primer," "[o]ne or more projectiles," and "[g]unpowder." § 790.001(19)(a)-(c), Fla. Stat. A defensive device by its definition "does not fire a dart or projectile." § 790.06(12)(a)13., Fla. Stat. Firearms and ammunition, as defined in section 790.001(6) & (19), Florida Statutes, are clearly distinct from defensive devices as defined in section 790.06(12)(a)13. The prohibitions and penalties for encroachment on preemption of firearms and ammunition contained in section 790.33(3) do not apply to defensive devices as defined by section 790.06(12)13. because those devices are not firearms or ammunition.

While the Legislature in section 790.06(15) "finds it necessary to occupy the field of regulation of the bearing of concealed weapons or firearms for self-defense," nothing in section 790.06 creates a cause of action like section 790.33(3) does. "In general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing civil liability." *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 986 (Fla. 1994) (quoting *Moyant v. Beattie*, 561 So. 2d 1319, 1320 (Fla. 4th DCA 1990)). Therefore the trial court's summary final judgment in favor of Appellees was correct, although for the wrong reason, as to the Appellees' liability for prohibiting defensive devices by CWL licensees in the Student Conduct Code.

9

The affirmance on this issue does not preclude Appellants from pursuing any cognizable action or challenge to the prohibition of CWL licensees' possession of defensive devices, including an administrative challenge under chapter 120, Florida Statutes. *See Hart Properties v. Slack*, 159 So. 2d 236 (Fla. 1964); *Mosley v. American Med. Int'l., Inc.*, 712 So. 2d 1149 (Fla. 4th DCA 1998) (affirming summary judgment but allowing additional proceedings where unsuccessful parties may have valid claims).[4]

## The Individual Defendants

The trial court granted summary final judgment in favor of President Thrasher and Chief Perry on all issues. The summary final judgment on the issue of defensive devices by CWL licensees was appropriate as to all Appellees as discussed above. As for FSU's prohibition in the Student Conduct Code on firearms in vehicles, summary final judgment was also correct as to the individuals, but we again disagree with the trial court's reasoning. "Even summary judgment can be affirmed, if right for the wrong reason, where the right reason was adequately presented to the trial court in support of the motion." *Samiian v. First Professionals Ins. Co.*, 180 So. 3d 190, 194 (Fla. 1st DCA 2015).

In their motion for summary judgment, Appellees argued that "[t]here is no provision for a fine, damages, or other penalty against an individual in absence of evidence that a violation was knowing and willful." Although the trial court's order granting summary final judgment did not address this, Appellees are correct.

In *UF*, we discussed whether the University of Florida's president could be liable for damages under section 790.33. *UF*, 180 So. 3d at 150-51. We concluded that the specific language in section 790.33(3)(f) permitting suit against "any county, agency,

---

[4] Our decision allows any other available remedy to address this issue. If amendment of the complaint is available, Appellants are free to seek it.

municipality, district, or other entity" did not include a person. *UF*, 180 So. 3d at 150-51. The complaint here also sought injunctive and declaratory relief as allowed by section 790.33(3)(f) against President Thrasher and Chief Perry, but our holding in *UF* and a plain reading of section 790.33(3)(f) precludes those remedies as to individuals as well.

The complaint also sought statutory fines against President Thrasher and Chief Perry, presumably referring to the civil fine of up to $5,000 as permitted in section 790.33(3)(c). However, such fines can only be assessed against officials for knowing and willful violations of the Legislature's preemption of firearms and ammunition regulation. As stated in Chief Perry's affidavit, and not challenged by any record evidence to the contrary from Appellants, until our *UNF* decision FSU believed it was permitted to regulate the possession of firearms in vehicles. As further stated in Chief Perry's affidavit, immediately after our *UNF* decision, FSU undertook action to comply with the decision. The undisputed facts are that any violation by President Thrasher or Chief Perry of the preemption in section 790.33 was not knowing and willful. Summary final judgment in their favor on this issue was therefore correct.

### Material Facts as to the Date of Promulgation of the Student Conduct Code Remain as to FSU

The trial court granted summary final judgment in favor of FSU on the issue of the Student Conduct Code's prohibition on possession of firearms in a vehicle. "At the summary judgment stage, a trial court is to enter a judgment only when no issues of fact remain." *Citizens Property Ins. Corp. v. Mallett*, 7 So. 3d 552, 556 (Fla. 1st DCA 2009). "A trial court's ruling on summary judgment is subject to de novo review." *Acosta, Inc., v. Nat'l Union Fire Ins. Co.,* 39 So. 3d 565, 573 (Fla. 1st DCA 2010) (citing *Castleberry v. Edward M. Chadbourne, Inc.*, 810 So. 2d 1028, 1029 (Fla. 1st DCA 2002)). The Code is a regulation per *UNF*. *Id.* at 973. The prohibition on the lawful storage of firearms and ammunition in vehicles directly violates *UNF*. *Id.* at 977; *see also* §§ 790.06(12)(b), 790.115(2)(a)3., & 790.25(5), Fla. Stat (2015).

Appellees' answer admitted the improper prohibition in the FSU Student Code at least as to lawful possession of firearms in vehicles. But Appellees' answer also claimed that the statements prohibiting lawful storage of firearms in vehicles "have been reviewed by FSU's general counsel and recommendations are being made to FSU for revisions designed to ensure that the code accurately reflects Florida law" per the *UNF* decision. The answer continued, "FSU is not enforcing the code to the extent that it is not consistent with Florida law as interpreted by the UNF decision." The trial court concluded that this made the Student Conduct Code issue moot. We respectfully disagree.

"An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect." *Godwin v. State*, 593 So. 2d 211 (Fla. 1992). In *UF*, we upheld the trial court's finding of mootness because, shortly after our *UNF* decision, the University of Florida added language to its regulations that "UF would comply with Florida law governing firearms in vehicles." *UF*, 180 So. 3d at 139. Here, Appellants brought suit over a year and a half after *UNF*, and the FSU Student Conduct Code at the time the complaint was filed still contained regulations contrary to the preemption in section 790.33(1). While FSU may not be enforcing the challenged provisions of the Code, those provisions remain. Accordingly, Appellants' challenge to the Student Conduct Code was not moot.

The trial court did not have our *City of Tallahassee* decision when it determined that the Student Conduct Code issues were moot. Like this case, in *City of Tallahassee* the parties stipulated that the ordinance in question had not been enforced for years before suit was brought by Florida Carry. *Id.* at 456. Also like here, the ordinance in *City of Tallahassee* remained "on the books" as part of the Tallahassee City Code. *Id.* at 462. The provisions of the FSU Student Conduct Code which attempt to impose regulations beyond what is permitted by statute are clearly void per section 790.33(1). Since the mere re-publication of an ordinance, rule, or regulation is not sufficient to find a violation of section 790.33, Florida Statutes, per *City of Tallahassee*, the question which remains is when the FSU Student Conduct Code was enacted or promulgated. *Id.* at 465. The sparse record before us leaves us unable to answer that

12

question. Therefore our de novo review finds material facts remain such that the summary final judgment on this issue was error.

Under section 790.33(3)(a), liability exists for "enacting or causing to be enforced any local ordinance or administrative rule or regulation impinging upon such exclusive occupation of the field." Per Chief Perry's affidavit, it is undisputed that the applicable Student Conduct Code provisions have not been enforced since he became chief in 2006. The stipulation entered into by the parties meant the challenged provisions of the Code were not being enforced during the litigation. Therefore the fact question which remains is when was the Student Conduct Code enacted or promulgated so as to permit proceeding per *City of Tallahassee*. *See* Ch. 87-23, Laws of Fla. (creating the preemption in § 790.33(1)); Ch. 2011-109, Law of Fla. (creating the private cause of action under § 790.33(3)(f)).[5]

During oral argument, Appellants' counsel stated that FSU contended that the Student Conduct Code was enacted in 1986, but he could not find that in the record. We likewise cannot find record support to establish a date when FSU prohibited possession of firearms, which would include a prohibition of possession of firearms in vehicles as otherwise allowed by sections 790.115(2)(a) and 790.25(5). It is therefore necessary to reverse and remand for further proceedings so the trial court can determine when the FSU Student Conduct Code section prohibiting firearms was enacted or promulgated as defined by *City of Tallahassee,* and accordingly, whether to allow a recovery under section 790.33(3).

_____

[5] We decline to determine whether the applicable date for when an ordinance or regulation is enacted or promulgated is enactment or promulgation after Legislative preemption in 1987, or enactment or promulgation after creation of the private cause of action in 2011. This issue is not yet before us, we have not had the benefit of briefing or argument on the issue, and depending on the date of enactment or promulgation of the section at issue in the FSU Student Conduct Code, any difference between the possible dates may be immaterial.

13

## Motion to Disqualify

After the order granting summary final judgment was entered, Appellants moved to disqualify the trial judge and to vacate the order granting summary final judgment. The motion alleged that on the date that summary final judgment was granted Appellants discovered from the FSU Foundation website that the trial judge was a "regular and significant" donor to FSU. Appellants also alleged in the motion that the trial judge has "a vested interest in insuring that the funds he donated to the Defendant are not used to pay damages, fines or attorney's fees," and therefore claimed that the trial judge was biased against Appellants. The trial judge rejected the motion to disqualify, and Appellants raise that rejection as their last issue on appeal. We do not address whether the allegations in the motion to disqualify were sufficient because even assuming they were sufficient, the allegations were clearly untimely.

An order denying a motion for disqualification is properly reviewed using a de novo standard. *Sume v. State*, 773 So. 2d 600, 602 (Fla. 1st DCA 2000). A motion to disqualify a trial judge "is considered untimely when delayed until after the moving party has suffered an adverse ruling unless good cause for delay is shown." *Fischer v. Knuck*, 497 So. 2d 240, 243 (Fla. 1986). Appellants offer no explanation as to why they waited until after the trial judge ruled on the competing motions for summary judgment before discovering the public information regarding the trial judge's financial contributions to FSU.

As federal courts have held in considering motions based on publicly available information:

> For purposes of timeliness, the applicant is charged with knowledge of all facts "known or knowable, if true, with due diligence from the public record or otherwise." Any other rule would allow a member of a law firm aware of facts that might lead to judicial disqualification to sit on the information, wait to see which way the wind appears to be blowing with the judge, and then come forward in an effort to get rid of the judge if a colleague responsible

14

for a case begins to perceive that the judge is unreceptive to the client's position or even simply wants a delay.

*Universal City Studios, Inc., v. Reimerdes*, 104 F. Supp. 2d 334, 349 (S.D.N.Y. 2000) (quoting *Hirschkop v. Virginia State Bar Ass'n*, 406 F. Supp. 721, 724 (E.D. Va. 1975)); *see also Huff v. Standard Life Ins. Co.*, 643 F. Supp. 705 (S.D. Fla. 1986).

We agree with these federal cases, and therefore agree that the trial judge was correct to reject Appellants' motion to disqualify.

## Conclusion

The summary final judgment in favor of all Appellees as to the Game Day Plan is AFFIRMED. The summary final judgment in favor of Appellees on the issue of the prohibition of possession of certain defensive devices including stun guns on FSU's campus even by CWL licensees is AFFIRMED. Appellants may seek whatever other remedies are available to address this issue. The summary final judgment in favor of the individual defendants John E. Thrasher and David L. Perry on the issues of the FSU Student Conduct Code's prohibition of firearms in vehicles is AFFIRMED. The summary final judgment in favor of FSU on the issue of the FSU Student Conduct Code's prohibition of firearms in vehicles is REVERSED and REMANDED for further proceedings. The trial judge's denial of the motion to disqualify is AFFIRMED.

WINOKUR and JAY, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Eric J. Friday of Kingry & Friday, PLLC, Jacksonville, for Appellants.

15

Barry Richard of Greenberg Traurig, P.A., Tallahassee, for Appellees.